■ Robert E. Hall et al., Appellants, v T. G. Miller and Associates, P. C., Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Rose, J.), entered February 21, 1990 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action for personal injuries sustained by plaintiff Robert E. Hall (hereinafter plaintiff) on September 18, 1987 when a trench on a construction site in which plaintiff was working collapsed. Plaintiff was employed by Paolangeli Construction Company, the general contractor on the job. The Town of Lansing in Tompkins County had contracted with Paolangeli to construct a water system extension in the Lansing Water District.

Defendant was hired by the town on December 10, 1986 to provide various professional engineering, surveying and other services for the project. Plaintiff's action against defendant alleged that defendant did in fact control and/or direct the work performed on the project and was responsible for job safety. Defendant was alleged to be negligent in failing to (1) supply plaintiff with a safe place to work, (2) comply with Labor Law §§ 200 and 241 and other applicable laws, (3) exercise due care, (4) properly supervise the excavation, and (5) warn plaintiff of the dangers.

After serving its answer, defendant moved for summary judgment on the ground that it had no responsibility pursuant to the contract and/or any unwritten understanding with the town for job safety or the working conditions on the site. Defendant submitted an affidavit from its field engineer, Jeffrey Milhelm, who averred that his responsibility was to observe the work's progress, to see whether the work was being performed in accordance with the plans and specifications, and determine if proper materials were being utilized. He stated that his responsibility did not include safety in, on or about the jobsite; that he was not in control of, or responsible for, the safety or adequacy of any equipment, such as work aids, or for superintending work; and that he was not acting as a foreman or performing any duties for Paolangeli, nor had he cause to interfere with the management of the work. Milhelm also alleged that he was unaware that the work giving rise to the accident was going on and that he was not present when the accident occurred.

Plaintiff's affidavit, in opposition, alleged that during the project one of defendant's employees was on the job daily, provided supervision and gave numerous directions to plaintiff and other Paolangeli employees. Plaintiff alleged that Milhelm supervised and directed the installation of the pipeline in 1987 and instructed plaintiff and other Paolangeli employees on how to do the job and how to safeguard the workplace overnight. Plaintiff claimed that during this period Paolangeli removed its own supervisor from the job site, leaving Milhelm

as the sole person directing the job. Plaintiff's affidavit was supported by the affidavit of another Paolangeli employee, John Makinster, who reiterated plaintiff's contention as to Milhelm's role. Plaintiff claims that defendant is therefore responsible for his injuries because of violations of Labor Law §§ 200 and 241. The contract between defendant and the town was also submitted on the motion for summary judgment. The contract provided that defendant was to check the plans and drawings, approve materials and subcontractors, visit the jobsite, make inspections, report on the completed project as well as perform additional services on the project as may have been authorized by the town.

Supreme Court granted defendant's motion, holding that nothing in the contract required defendant to supervise, direct or control the manner in which work was to be performed by Paolangeli. Plaintiff sought reconsideration of the motion on the ground that the court's decision indicated an erroneous assumption, that is, that plaintiff had an opportunity and did depose a representative of the town as to its understanding of the contract, when in fact no such deposition had taken place. The court denied this request.

Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue of fact (*Moskowitz v Garlock*, 23 AD2d 943, 944). The resolution of justiciable issues by trial is preferred over summary disposition. Liability may not be imposed on an engineer who is engaged to assure compliance with construction plans and specifications for an injury sustained by a worker, unless the engineer commits an affirmative act of negligence or such liability is imposed by a clear contractual provision (*Brooks v Getty Serv. Co.*, 127 AD2d 553, 554). Labor Law § 200 "merely codifies the common-law duty of an owner or general contractor to provide a safe place of work" (*Karaktin v Gordon Hillside Corp.*, 143 AD2d 637, 638), and Labor Law § 241 (6) "imposes a nondelegable duty upon owners, contractors and their agents 'to provide reasonable and adequate protection and safety' to those employed in construction, excavation or demolition work" (*Simon v Schenectady N. Congregation of Jehovah's Witnesses*, 132 AD2d 313, 316, quoting Labor Law § 241 [6]). Defendant here claims that it does not fall within either category because as the engineer on the project its duties did not involve job safety or control of the work force. We disagree and concur with plaintiff's contention that the affidavits of plaintiff and Makinster raised a question of fact as to whether defendant did exercise control

and/or directed the work being performed by plaintiff during which time he was injured. If Milhelm, as defendant's employee, directed the construction procedures and had authority to supervise and control the workers on behalf of the town, defendant would indeed be liable to plaintiff pursuant to Labor Law §§ 200 and 241 (6) *(see, DaBolt v Bethlehem Steel Corp.*, 92 AD2d 70, 72, *appeal dismissed* 60 NY2d 554). Where, as here, the question of control of the worksite is in issue, summary judgment is inappropriate.

Milhelm's affidavit in contradiction to plaintiff's assertions as to the exercise of control merely raises a question of fact needing resolution by the finder of fact. Further, Milhelm's absence from the job at the time of the accident is not determinative of the issue of control but is just another aspect of the factual situation requiring further exploration and factual resolution.

We note that the contract between defendant and the town does not negate the element of control. It indicates that defendant was to perform additional services in connection with the project. The open-ended wording of their agreement implies that the town could have authorized an extension of defendant's control of the project. Since the contract is unclear as to the extent of Milhelm's activity, and in view of the allegation raised in plaintiff's supporting affidavit that defendant had control over the project, defendant's responsibility for plaintiff's safety and consequential injuries needs to be resolved by trial. Summary judgment was therefore improperly granted.

Finally, we disagree with Supreme Court's finding that, even if control was presumed, there was no proof that defendant's failure to act was a proximate cause of plaintiff's injuries. Plaintiff alleged that no instructions were given on shoring up the excavation or on proper placement of excavated material. We find these allegations, in the posture of the case where pretrial examinations have not been completed, to be insufficient for purposes of denying summary judgment.

Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.

Casey, J., dissents and votes to affirm in a memorandum. Casey, J. (dissenting). For the reasons stated by Justice Robert S. Rose at Supreme Court, defendant is entitled to summary judgment. Accordingly, I would affirm the order.