■ LNZRO PIZZA EMPIRE, INC., et al., Respondents, v BRUCE BROWN, Appellant, et al., Defendant. [645 NYS2d 379] —Order unanimously reversed on the law without costs, motion granted

and complaint against defendant Bruce Brown dismissed. Memorandum: Defendants entered into an agreement with plaintiffs to purchase plaintiffs' restaurant and real property located at W. Genesee Street, Syracuse, together with all furnishings and fixtures and other personal property in the building housing the restaurant. The agreed price was $375,000, payable $50,000 in cash and the $325,000 balance to be secured by a purchase money mortgage. An addendum to the agreement provided that the purchase money mortgage "shall, together with the standard terms of said mortgage, contain" as one of its terms that defendants will personally guarantee the mortgage. Prior to the closing, defendants formed two corporations, The Florida Crab Co., Inc. (Florida Crab), and Florida Coastal Properties, Inc. At the closing, Florida Crab took title to the real and personal property, and plaintiffs, Lnzro Pizza Empire, Inc. (Lnzro Pizza), and Lawrence P. Stirpe (Stirpe), were named as mortgagees in two purchase money mortgages in the amounts of $245,000 and $80,000, respectively, executed by defendants and Florida Crab as mortgagors. The mortgages, drawn by plaintiffs' attorney, made no reference to personal guarantees. Those mortgages were superseded by two corrected mortgages, also drawn by plaintiffs' attorney, again naming Lnzro Pizza and Stirpe as mortgagees, but naming only Florida Crab as mortgagor. Subsequently, plaintiffs commenced a foreclosure action against defendants, and Stirpe purchased the real and personal property secured by the mortgages at the foreclosure sale. Thereafter, plaintiffs commenced this action, alleging that certain personal property secured by the mortgages was missing and seeking judgment against defendants for the value of the missing property by virtue of their personal guarantee in the addendum. After issue was joined, defendant Bruce Brown moved for summary judgment dismissing the complaint. Supreme Court denied the motion. We reverse.

We reject the contention of plaintiffs that the provision in the addendum requiring defendants to guarantee the mortgages is presently enforceable. "It is well settled that 'where the parties have clearly expressed or manifested their intention that a subsequent agreement supersede or substitute for an old agreement, the subsequent agreement extinguishes the old one and the remedy for any breach thereof is to sue on the superseding agreement' " (*Northville Indus. Corp. v Fort Neck Oil Terms. Corp.*, 100 AD2d 865, 867, *affd* 64 NY2d 930; *see, Sheehy v Andreotti*, 199 AD2d 148, 150). Brown's obligation to guarantee the mortgage was extinguished upon execution of the mortgages. Neither the original mortgages nor the superseding mortgages incorporate the terms of the agreement or

the addendum or refer to any personal guarantees by defendants. "The rule that all prior agreements are deemed merged in the ultimate instrument applies in interpreting mortgages" (77 NY Jur 2d, Mortgages and Deeds of Trust, § 79, at 461; *see, Stevens v Dogoli,* 166 AD2d 884). Under the circumstances, plaintiffs may not rely upon parol evidence to raise a factual issue regarding the intention of the parties (*see, Raleigh Assocs. v Henry,* 302 NY 467, 476, *rearg denied* 302 NY 940; *see generally, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162-163). (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.