■ THOMAS DOSE et al., Respondents, v JENN-MATT CORPORATION, Appellant and Third-Party Plaintiff, and WILLIAM BRADER et al., Respondents and Third-Party Plaintiffs. HOME INSULATION & SUPPLY, INC., Third-Party Defendant-Appellant. [661 NYS2d 811] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting plaintiffs' motion for partial summary judgment against defendant Jenn-Matt Corporation (Jenn-Matt) pursuant to Labor Law § 240 (1) and § 241 (6). Jenn-Matt was the construction manager hired by defendants William and Bonita Brader in connection with the construction of their single-family home. The evidence submitted by plaintiffs fails to establish their entitlement to judgment as a matter of law (*see*, CPLR 3212 [b]). There are triable issues of fact whether Jenn-Matt possessed sufficient authority and responsibility over the project to be held liable for the alleged violations of sections 240 (1) and 241 (6) (*see, Relyea v Bushneck*, 208 AD2d 1077; *Kenny v Fuller Co.*, 87 AD2d 183, *lv denied* 58 NY2d 603).

The court properly granted Jenn-Matt a conditional judgment against third-party defendant, Home Insulation & Supply, Inc. (Home Insulation), for common-law indemnification. Jenn-Matt submitted proof in admissible form that it did not control, direct or supervise the injury-producing work, and Home Insulation failed to raise a triable issue of fact whether Jenn-Matt's potential liability to plaintiffs is other than vicarious (*see, Sikorski v Springbrook Fire Dist.*, 225 AD2d 1041; *Mackey v Beacon City School Dist.*, 216 AD2d 534, 535; *Allman v Ciminelli Constr. Co.*, 184 AD2d 1022, 1023). (Appeals from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Denman, P. J., Green, Callahan, Balio and Boehm, JJ.