■ JOHN T. ENRIGHT et al., Respondents, v BUFFALO TECHNOLOGY BUILDING "B" PARTNERSHIP et al., Appellants. [718 NYS2d 764] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) claim and denied that part of defendants' cross motion seeking summary judgment dismissing that claim. John T. Enright (plaintiff) was injured when the ladder he was using slid away from the building and he fell. Defendants contend that the work being performed by plaintiff was routine maintenance and thus did not fall within the scope of Labor Law § 240 (1). We disagree. Plaintiff's employer was hired by defendants to replace two approximately 115 inch by 46 inch by 1 inch windows on the second floor of a commercial building. Four employees, including plaintiff, were needed to complete the job. The windows were being replaced because the thermal seals had failed, causing the windows to fog. The property manager

of the building testified at his deposition that those windows had not previously been replaced and that windows in the building were not replaced on a regular basis. We conclude that plaintiff was "altering" the building by "making a *significant* physical change to the configuration or composition of the building" (*Joblon v Solow,* 91 NY2d 457, 465 [emphasis in original]; *see also, Quinn v Fisher Dev.,* 272 AD2d 106, 107) and was therefore engaged in a protected activity under Labor Law § 240 (1).

The court properly denied that part of defendants' cross motion seeking to amend the answer by adding the recalcitrant worker defense because the proposed amendment lacks merit (*see, Ricci v New Era Cap Co.,* 224 AD2d 963, 963-964). Defendants contend that the defense applies here because plaintiff was instructed to use a scaffold but instead used a ladder. Even if plaintiff had been instructed to use the scaffold, "[e]vidence of such instructions [would] not, by itself, create an issue of fact sufficient to support a recalcitrant worker defense" (*Gordon v Eastern Ry. Supply,* 82 NY2d 555, 563).

Finally, plaintiffs concede that the court erred in denying that part of defendants' cross motion seeking summary judgment dismissing the common-law negligence claim. We thus modify the order accordingly. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes and Scudder, JJ.