■ CHARLES M. WAGGONER, Respondent, v LANCET ARCH, INC., et al., Appellants. NEW YORK STATE DORMITORY AUTHORITY, Third-Party Plaintiff, v SAFWAY STEEL PRODUCTS, INC., Third-Party Defendant-Respondent. LANCET ARCH, INC., Third-Party Plaintiff, v SAFWAY STEEL PRODUCTS, INC., Third-Party Defendant-Respondent. [737 NYS2d 317] —Appeals from an order of Supreme Court, Erie County (Fallon, J.), entered December 29, 2000, which granted plaintiff's motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) claim. Contrary to defendants' contention, plaintiff's motion was not premature. A motion for summary judgment may be made at any time after joinder of issue (*see,* CPLR 3212 [a]). Defendants failed to establish that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]). Here, plaintiff established his entitlement to judgment on liability on the Labor Law § 240 (1) claim as a matter of law, and defendants failed to raise a triable issue of fact (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). "[T]he availability of a particular safety device will not shield an owner or general contractor from absolute liability if the device alone is not sufficient to provide safety without the use of additional precautionary devices or measures" (*Conway v New York State Teachers' Retirement Sys.*, 141 AD2d 957, 958-959; *see also, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). Present—Pigott, Jr., P.J., Pine, Wisner, Burns and Lawton, JJ.