■ CHARLES L. BAUM, Appellant-Respondent, v CIMINELLI-COWPER CO., INC., Respondent-Appellant, and AMTHOR STEEL,

INC., Respondent. [755 NYS2d 138] —Appeal and cross appeal from so much of an order of Supreme Court, Erie County (Rath, Jr., J.), entered February 11, 2002, that, inter alia, denied in part defendants' motions for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting plaintiff's cross motion for partial summary judgment on liability under Labor Law § 240 (1) and § 241-a and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action asserting claims for violation of various Labor Law sections and for common-law negligence. Defendant Ciminelli-Cowper Co., Inc. (Ciminelli) was the construction manager for the construction of a new school, and defendant Amthor Steel, Inc. (Amthor) was the structural steel prime contractor. Amthor hired plaintiff's employer to erect the structural steel framework for the project. Plaintiff was injured when he fell approximately 18 feet into an elevator shaft while welding stabilizer clips to the steel framework.

Supreme Court erred in denying that part of plaintiff's cross motion for partial summary judgment on liability under Labor Law § 240 (1). To establish entitlement to judgment on liability under Labor Law § 240 (1), "[a] worker injured by a fall from an elevated worksite must * * * prove that the absence of or defect in a safety device was the proximate cause of his or her injuries" (*Felker v Corning Inc.*, 90 NY2d 219, 224; *see also Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 518-519, *rearg denied* 65 NY2d 1054). Although plaintiff's accident was unwitnessed, defendants do not dispute that plaintiff fell from a height of approximately 18 feet while welding structural steel without the benefit of a safety device. Rather, defendants raised the recalcitrant worker defense in opposition to plaintiff's cross motion, asserting that plaintiff's foreman had directed plaintiff to wear available safety gear, including a hard hat, safety belt, and lanyard. The recalcitrant worker defense "requires a showing that the injured worker refused to use the safety devices that were provided by the owner or employer" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 563; *see generally Hagins v State of New York*, 81 NY2d 921, 922-923). However, "[e]vidence of such instructions does not, by itself, create an issue of fact sufficient to support a recalcitrant worker defense" (*Gordon*, 82 NY2d at 563; *see Enright v Buffalo Tech. Bldg. "B" Partnership*, 278 AD2d 927, 928), and here defendants asserted only that they gave such

instructions. Thus, we conclude that defendants failed to raise an issue of fact whether plaintiff was a recalcitrant worker.

We further conclude that the court erred in denying that part of plaintiff's cross motion seeking partial summary judgment on liability under Labor Law § 241-a. Pursuant to that section, workers in elevator shaftways "shall be protected by sound planking at least two inches thick laid across the opening at levels not more than two stories above and not more than one story below such [workers]." Here, it is undisputed that there was no planking and that plaintiff fell into the elevator shaft, more than one story, and thus liability under section 241-a has been established as a matter of law (cf. Duke v Eastman Kodak Co., 248 AD2d 990, 990-991; Serpe v Eyris Prods., 243 AD2d 375, 378-379).

With respect to the cross appeal of Ciminelli, we conclude that the court properly denied that part of its motion for summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action. Ciminelli failed to meet its initial burden of establishing that it had no actual or constructive notice that the elevator shaft was unguarded (see Sponholz v Benderson Prop. Dev., 273 AD2d 791, 792-793). In addition, there is a triable issue of fact whether Ciminelli, as the construction manager for the project, was acting as the agent of the owner pursuant to the terms of the construction manager agreement and thus is subject to liability under the Labor Law (see Crespo v Triad, Inc., 294 AD2d 145, 146; see also Olney v Ciminelli-Cowper Co., 248 AD2d 1019; Dose v Jenn-Matt Corp., 239 AD2d 899).

We modify the order, therefore, by granting plaintiff's cross motion for partial summary judgment on liability under Labor Law § 240 (1) and § 241-a. Present—Pigott, Jr., P.J., Green, Pine, Hayes and Gorski, JJ.