EDWARD M. EWING et al., Respondents, v ADF CONSTRUCTION CORPORATION, Appellant. [793 NYS2d 306]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered May 11, 2004. The order, insofar as appealed from, granted plaintiffs' motion seeking partial summary judgment on the issue of liability under Labor Law § 240 (1) and denied in part defendant's cross motion seek-

ing summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the cross motion with respect to the fourth cause of action in its entirety and dismissing that cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Edward M. Ewing (plaintiff) when he fell from an elevated work site after losing his grip on a beam. Plaintiffs moved for partial summary judgment on liability on the Labor Law § 240 (1) cause of action and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiffs' motion and granted in part defendant's cross motion, dismissing the Labor Law § 200 cause of action as well as the Labor Law § 241 (6) cause of action except insofar as it is based on the alleged violation of 12 NYCRR 23-1.16.

We conclude that the court properly granted plaintiffs' motion. Plaintiffs established as a matter of law that plaintiff was injured by a fall from an elevated work site and " 'that the absence of . . . a safety device was [a] proximate cause of his . . . injuries' " (*Baum v Ciminelli-Cowper Co.*, 300 AD2d 1028, 1029 [2002], quoting *Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]). Contrary to defendant's contention, the nondelegable duty under section 240 (1) " 'is not met merely by providing safety instructions or by making other safety devices available, but by furnishing, placing and operating such devices so as to give [plaintiff] proper protection' " (*Haystrand v County of Ontario*, 207 AD2d 978, 978 [1994], quoting *Gordon v Eastern Ry. Supply*, 181 AD2d 990, 991 [1992], *affd* 82 NY2d 555 [1993]; *see Waggoner v Lancet Arch, Inc.*, 291 AD2d 831 [2002]). Although plaintiff was provided with a C-clamp that was intended to serve as a substitute for a ladder, under the circumstances of this case, that device did not provide plaintiff with proper protection as a matter of law. We likewise reject defendant's contention that the actions of plaintiff were the sole proximate cause of his injuries. Where, as here, there is a statutory violation that is a proximate cause of the injuries, "plaintiff cannot be solely to blame for [the injuries]" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]).

Contrary to defendant's further contention, the fact that the accident was unwitnessed does not provide a basis to defeat plaintiffs' motion where, as here, "there are no bona fide issues of fact with respect to how it occurred" (*Siago v Garbade Constr.*

*Co.*, 262 AD2d 945, 945 [1999]; *see Williams v General Elec. Co.*, 8 AD3d 866, 867 [2004]). Likewise, the fact that discovery has not been completed does not provide a basis to defeat plaintiffs' motion inasmuch as "[d]efendant[ ] failed to establish that 'facts essential to justify opposition [to the motion] may exist but cannot then be stated' " (*Waggoner*, 291 AD2d at 831, quoting CPLR 3212 [f]). "Mere speculation . . . that the accident may have occurred in a different manner is not sufficient to raise an issue of fact" (*Rich v State of New York*, 231 AD2d 942, 943 [1996]).

Defendant further contends that it cannot be liable for any Labor Law § 240 (1) or § 241 (6) violation because it acted as a "construction manager" rather than a contractor within the meaning of those sections. We reject that contention. Defendant's contract with the owner of the property referred to defendant interchangeably as construction manager and contractor. We conclude that defendant is liable under those Labor Law sections because defendant was responsible "for coordinating and supervising the . . . project and was invested with a concomitant power to enforce safety standards and to hire responsible contractors" and thus acted as a general contractor (*Kulaszewski v Clinton Disposal Servs.*, 272 AD2d 855, 856 [2000]; *see Bagshaw v Network Serv. Mgt.*, 4 AD3d 831, 833 [2004]; *Outwater v Ballister*, 253 AD2d 902, 904 [1998]).

We agree with defendant, however, that the court erred in failing to dismiss the Labor Law § 241 (6) cause of action to the extent that it is based on a violation of 12 NYCRR 23-1.16, and we therefore modify the order by granting that part of defendant's cross motion seeking dismissal of that cause of action in its entirety. Present—Hurlbutt, J.P., Scudder, Kehoe, Pine and Hayes, JJ.