■ KELLY NEPHEW, SR., et al., Respondents, v KLEWIN BUILDING COMPANY, INC., et al., Appellants, et al., Defendants. McPHEE ELECTRIC LTD., LLC, Third-Party Plaintiff-Appellant-Respondent, v FERGUSON ELECTRIC CONSTRUCTION CO., INC., Third-Party Defendant-Respondent-Appellant. (Appeal No. 1.) [804 NYS2d 157]—

Appeals from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered December 15, 2004. The order, inter alia, granted in part plaintiffs' motion seeking partial

summary judgment on liability pursuant to Labor Law § 240 (1).

It is hereby ordered that the appeal insofar as it concerns the cross motion of defendant-third-party plaintiff be and the same hereby is unanimously dismissed (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]) and the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Kelly Nephew, Sr. (plaintiff) when he fell from an eight-foot stepladder while working at the Niagara Falls Gaming Casino (casino). We conclude with respect to the order in appeal No. 1 that Supreme Court properly granted that part of plaintiffs' motion seeking partial summary judgment on liability pursuant to Labor Law § 240 (1) against the two remaining defendants, i.e., Klewin Building Company, Inc. (Klewin) and McPhee Electric Ltd., LLC (McPhee) (collectively, defendants). Plaintiffs established that the ladder "buckled" or "walked" when plaintiff leaned to his left in order to bolt a sign cover to the wall, causing him to lose his balance and fall, and therefore established that the ladder did not provide the requisite protection in accordance with Labor Law § 240 (1) (*see Ewing v ADF Constr. Corp.*, 16 AD3d 1085, 1086 [2005]; *see generally Klein v City of New York*, 89 NY2d 833, 834-835 [1996]; *Alligood v Hospitality W., LLC*, 8 AD3d 1102 [2004]). Contrary to the contention of defendants, they failed to raise an issue of fact whether plaintiff's actions were the sole proximate cause of the accident. "Where, as here, there is a statutory violation that is a proximate cause of the injuries, 'plaintiff cannot be solely to blame for [the injuries]' " (*Ewing*, 16 AD3d at 1086).

Defendants further contend that they are not subject to liability under Labor Law § 240 (1) because they did not supervise or control plaintiff's work and lacked the authority to do so. We reject that contention. The record establishes that Klewin was designated as the "design/builder" pursuant to its agreement with the Seneca Niagara Falls Gaming Corporation, which had leased the facility from the Empire State Development Corporation. Although there is no designated general contractor, Klewin "is liable under [Labor Law § 240 (1)] because [it] was responsible 'for coordinating and supervising the . . . project and was invested with a concomitant power to enforce safety standards and to hire responsible contractors' and thus acted as a general contractor" (*Ewing*, 16 AD3d at 1087; *see Bagshaw v Network Serv. Mgt.*, 4 AD3d 831, 833 [2004]; *Fiorentine v Militello*, 275 AD2d 990, 992 [2000]). Furthermore, McPhee

"obtain[ed] the authority to supervise and control" the electrical contracting work through its contract with Klewin, and McPhee therefore is liable as Klewin's agent (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 293 [2003]; *see* Labor Law § 240 [1]; *Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]).

With respect to the order in appeal No. 2, the court granted the motion of McPhee seeking leave to reargue its prior cross motion for summary judgment on its third-party complaint seeking contractual indemnification from third-party defendant, Ferguson Electric Construction Co., Inc. (Ferguson), plaintiff's employer. Upon reargument, the court adhered to its prior decision. We conclude that McPhee is entitled to summary judgment on its third-party complaint, and we therefore reverse the order insofar as appealed from in appeal No. 2. As a preliminary matter, we conclude that the letter dated September 25, 2002 constituted an agreement between McPhee and Ferguson, pursuant to which Ferguson would provide the electrical contracting work at the casino and name McPhee as an additional insured on its liability policy. In addition, Ferguson would indemnify McPhee for claims "arising out of . . . the performance of the work of [Ferguson]." "[T]he common-law rule . . . authorizes review of the course of conduct between the parties to determine whether there was a meeting of minds sufficient to give rise to an enforceable contract" (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 369-370 [2005], *rearg denied* 5 NY3d 746 [2005]). The course of conduct of the parties demonstrates a meeting of the minds with respect to the agreement, despite the fact that the formal subcontract was not executed until January 29, 2003, over a month after the "substantial completion date" of December 24, 2002 set forth in the letter and approximately one month after the date on which plaintiff's accident occurred. Although the subcontract, by its terms, superseded the agreement embodied in the letter (*see generally Lnzro Pizza Empire v Brown*, 229 AD2d 947 [1996]), we nevertheless conclude that Ferguson was bound to indemnify and hold McPhee as well as Klewin, as an agent of the owner, harmless from claims "pertaining to the performance of the Subcontract and involving personal injury." The subcontract provided that the work "shall consist of all work necessary or incidental to complete the electrical contracting work for the Project." We agree with the decision of the First Department in *Podhaskie v Seventh Chelsea Assoc.* (3 AD3d 361 [2004]) and conclude that "case law supports [McPhee's] contention that such a clause in a [sub]contract executed *after* a plaintiff's accident may nevertheless be applied retroactively where evidence

establishes as a matter of law that the agreement pertaining to the contractor's work was made as of [a pre-accident date], and that the parties intended that it apply as of that date" (*id.* at 362 [internal quotation marks omitted]). Thus, we conclude that Ferguson and McPhee intended that the indemnification provision in the subcontract would apply to the injuries sustained by plaintiff herein despite the fact that the subcontract was executed after the date of plaintiff's accident. Present— Green, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.