■ LIBERTY MUTUAL INSURANCE COMPANY et al., Appellants, et al., Plaintiffs, v OLD REPUBLIC COMMERCIAL GENERAL INSURANCE COMPANY et al., Respondents. (Appeal No. 1.) [803 NYS2d 503]—Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered January 7, 2005. The judgment, inter alia, granted defendants' cross motion for summary judgment, in a declaratory judgment action.

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered January 4, 2005. The judgment, upon reargument, adhered to the prior decision that, inter alia, granted defendants' cross motion for summary judgment in a declaratory judgment action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the motion for summary judgment in part, denying the cross motion in part and granting judgment as follows:

It is adjudged and declared that defendant Old Republic Commercial General Insurance Company is obligated to defend, indemnify and provide primary coverage to plaintiff McPhee Electric Ltd., LLC in the underlying action and as modified the judgment is affirmed without costs.

Memorandum: The three remaining plaintiffs in this action, Liberty Mutual Insurance Company (Liberty Mutual), McPhee Electric Ltd., LLC (McPhee) and Klewin Building Company, Inc. (Klewin) (collectively, plaintiffs), appeal from a judgment denying the motion of the five plaintiffs for summary judgment seeking, inter alia, a declaration that defendant Old Republic Commercial General Insurance Company (Old Republic) is obligated to defend and indemnify McPhee and Klewin in the underlying action, *Nephew v Klewin Bldg. Co.* (21 AD3d 1419 [2005]). According to plaintiffs, McPhee and Klewin are additional insureds on the policy issued by Old Republic to defendant Ferguson Electric Construction Co., Inc. (Ferguson), thereby requiring Old Republic to defend and indemnify McPhee and Klewin in the underlying action and to provide primary coverage for them in that action.

Klewin contracted with McPhee to provide electrical services necessary for the conversion of the Niagara Falls Convention Center into a casino and McPhee, in turn, subcontracted with Ferguson to provide those services. Kelly Nephew, Sr. (Nephew), one of the plaintiffs in the underlying action, was employed by

Ferguson and was injured when he fell from a stepladder. He and his wife thereafter commenced the underlying action seeking damages from, inter alia, Klewin and McPhee for those injuries (*see Nephew*, 21 AD3d 1419). For the reasons that follow, we conclude that Old Republic is obligated to defend, indemnify and provide primary coverage to McPhee in the underlying action but is not obligated to defend, indemnify or provide primary coverage to Klewin therein.

In determining this dispute regarding insurance coverage, we must "look to the language of the policy" issued by Old Republic to Ferguson (*Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 221 [2002]). The policy provides that, in order for Old Republic to be obligated to provide additional insured coverage to another entity, Ferguson must have agreed in a written contract to provide insurance for that entity. As we concluded in our decision in *Nephew* with respect to the order in appeal No. 2, the letter dated September 25, 2002 (September agreement) constituted the requisite written contract between McPhee and Ferguson (*see* 21 AD3d at 1421). That letter included an attachment requiring Ferguson to name McPhee and others as entities to be included as additional insureds on its liability policy, but the attachment did not name Klewin as an entity to be included as an additional insured. We therefore conclude that, with respect to McPhee, the September agreement comports with the requirement of Ferguson's policy that Ferguson agree in a written contract to provide insurance coverage. We note that the September agreement further satisfies the requirement of the policy that coverage is provided only for bodily injury that occurs after the parties entered into the contract providing for the coverage. Although the subcontract executed on January 29, 2003, by its terms, superseded the September agreement (*see id.*; *see generally Lnzro Pizza Empire v Brown*, 229 AD2d 947, 948 [1996]), we conclude that Ferguson and McPhee intended that the indemnification provision in the subcontract nevertheless would apply to Nephew's accident. As we wrote in *Nephew*, we agree with the decision of the First Department in *Podhaskie v Seventh Chelsea Assoc.* (3 AD3d 361 [2004]) and conclude that " 'case law supports [McPhee's] contention that such a clause in a [sub]contract executed *after* a plaintiff's accident may nevertheless be applied retroactively where evidence establishes as a matter of law that the agreement pertaining to the contractor's work was made as of [a pre-accident date], and that the parties intended that it apply as of that date' " (*Nephew*, 21 AD3d at 1421-1422). We therefore conclude that Supreme Court erred in denying that part of plaintiffs' motion seeking a declaration that Old Republic is ob-

ligated to defend, indemnify and provide primary coverage to McPhee in the underlying action, and we modify the judgment accordingly.

We further conclude, however, that the court properly denied that part of plaintiffs' motion with respect to Klewin, and properly granted that part of defendants' cross motion seeking a declaration that Old Republic is not obligated to defend or indemnify Klewin in the underlying action. Pursuant to the terms of its policy, Old Republic is not liable to indemnify any entity for bodily injury that occurred prior to the date of the contract whereby its insured, Ferguson, agreed to indemnify that entity. Although the subcontract between McPhee and Ferguson requires Ferguson to defend and indemnify any agents of the owner, which would include Klewin, that subcontract was executed approximately one month after Nephew's accident (*see Nephew*, 21 AD3d at 1422) and, as previously noted, Klewin, unlike McPhee, was not named in the attachment to the September agreement. Thus, pursuant to the language of the policy (*see Consolidated Edison of N.Y.*, 98 NY2d at 221), Old Republic is not obligated to defend or indemnify Klewin, despite Ferguson's agreement with McPhee to indemnify Klewin.

We have reviewed the remaining contentions of the parties and conclude that they are without merit. Present—Green, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.