■ JOHN SHERBOURNE, III, et al., Respondents-Appellants, v MURNANE BUILDING CONTRACTORS, INC., by and Through its Agents, Officers and/or Employees, Defendant, and BOVIS LEND LEASE INTERIORS, INC., by and Through its Agents, Officers and/or Employees, Appellant-Respondent. [816 NYS2d 625]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered March 8, 2005 in a personal injury action. The order denied the cross motion of defendant Bovis Lend Lease Interiors, Inc. for summary judgment dismissing the complaint and denied the cross motion of plaintiffs for partial summary judgment against that defendant on the issue of liability pursuant to Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion of defendant Bovis Lend Lease Interiors, Inc. in part and dismissing the Labor Law § 200 and common-law negligence claims and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by John Sherbourne, III (plaintiff) while performing plumbing work in connection with the construction of an addition to a school in the Sandy Creek School District (District). Defendant Bovis Lend Lease Interiors, Inc. (Bovis) was the designated construction manager for the project, and the District hired plaintiff's employer to perform plumbing work for the project. Plaintiff was injured when he fell from the seventh or eighth rung of a ladder while he was drilling holes through a cement wall.

Supreme Court properly denied those parts of the cross motion of Bovis for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims against it as well as plaintiffs' cross motion for partial summary judgment on liability on the section 240 (1) claim. There is a triable issue of fact whether Bovis, as the construction manager for the project, was acting as the agent of the owner pursuant to the terms of its agreement with the District and thus is subject to liability under the section 240 (1) and section 241 (6) claims (*see Olney v Ciminelli-Cowper Co.*, 248 AD2d 1019 [1998]; *Dose v Jenn-Matt Corp.*, 239 AD2d 899 [1997]). In addition, there is a triable issue of fact whether Bovis "acted as a 'construction manager' rather than a contractor [for the project] within the meaning of those sections" and thus cannot be held liable under those sections (*Ewing v ADF Constr. Corp.*, 16 AD3d 1085, 1087 [2005]).

Finally, Bovis contends that the court erred in denying those parts of its cross motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence claims. We agree, inasmuch as plaintiffs failed to oppose that part of the

cross motion of Bovis in Supreme Court and, indeed, have conceded on appeal that Bovis is entitled to that relief. We thus modify the order accordingly. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.