■ THOMAS NEWMAN et al., Plaintiffs, v REGENT CONTRACTING CORP., Defendant and Third-Party Plaintiff-Respondent. BISON ELECTRICAL SERVICES CORPORATION, Third-Party Defendant-Appellant. (Appeal No. 1.) [818 NYS2d 886]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered April 15, 2005 in a personal injury action. The order, among other things, denied third-party defendant's motion to strike the third-party complaint or, alternatively, to compel discovery; denied third-party defendant's cross motion to strike the note of issue and statement of readi-

ness; and granted that part of the cross motion of third-party plaintiff for summary judgment on its claim for contractual indemnification against third-party defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In appeal No. 1, third-party defendant, Bison Electrical Services Corporation (Bison), appeals from an order that, inter alia, denied its motion to strike the third-party complaint or, alternatively, to compel discovery; denied its cross motion to strike plaintiffs' note of issue and statement of readiness; and granted that part of the cross motion of third-party plaintiff, Regent Contracting Corp. (Regent), for summary judgment on its claim for contractual indemnification against Bison. In appeal No. 2, Bison appeals from an order granting that part of Regent's cross motion seeking attorney fees and disbursements from Bison, Supreme Court having reserved decision on that part of Regent's cross motion when it issued the order in appeal No. 1.

With respect to the order in appeal No. 1, we conclude that the court properly granted that part of Regent's cross motion for summary judgment on contractual indemnification. In support of its cross motion and in opposition to Bison's motion to compel discovery, Regent submitted its construction subcontract agreement (Agreement) with Bison as well as the deposition testimony of Bison's president and Thomas Newman (plaintiff), each of whom testified that Regent did not supervise, direct or control plaintiff's work on the job site. "Where, as here, 'parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms' " (*Schreiber v Cimato*, 281 AD2d 961, 961 [2001], quoting *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Here, paragraph 3.8 of the Agreement expressly provides that Bison is solely responsible for the safety of the work itself as well as the safety of the job site, and paragraph 5.6 expressly provides that Bison must indemnify Regent against all claims arising from the condition of the premises or the performance of Bison's work. Regent thus met its burden of establishing its entitlement to contractual indemnification, and Bison failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In support of that part of its motion seeking to compel discovery and in opposing Regent's cross motion, Bison contended that Regent's cross motion is premature because Bison had not yet deposed Regent's superintendent, a person familiar with the daily activities at the job site. However, "the fact that discovery has not been completed does not provide

a basis to defeat [Regent's cross] motion" (*Ewing v ADF Constr. Corp.*, 16 AD3d 1085, 1087 [2005]), inasmuch as Bison failed to establish "that facts essential to justify opposition [to the cross motion] may exist but cannot then be stated" (CPLR 3212 [f]; *see Waggoner v Lancet Arch*, 291 AD2d 831, 831 [2002]). " 'Mere speculation . . . is not sufficient to raise an issue of fact' " (*Ewing*, 16 AD3d at 1087, quoting *Rich v State of New York*, 231 AD2d 942, 943 [1996]), and thus the court properly denied that part of Bison's motion seeking to compel discovery and granted that part of Regent's cross motion for summary judgment on contractual indemnification (*see Gardner v Honda Motor Co.*, 214 AD2d 1024, 1025 [1995]). In view of our determination that Bison was not entitled to compel discovery, we further conclude that the court properly denied Bison's cross motion to strike plaintiffs' note of issue and statement of readiness to enable Bison to conduct such discovery.

With respect to the order in appeal No. 2, we conclude that the court properly granted that part of Regent's cross motion seeking attorneys fees and disbursements from Bison pursuant to the express language of paragraph 5.6 of the Agreement (*see generally Siago v Garbade Constr. Co.*, 262 AD2d 945 [1999]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.