■ THOMAS L. REED, Respondent, v NEA RESIDENTIAL, INC., Appellant et al., Defendants. [881 NYS2d 345]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered June 3, 2008. The order, insofar as appealed from, denied that part of the motion of defendant NEA Residential, Inc. for partial summary judgment dismissing the Labor Law § 241 (6) claim against it.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while performing framing work

for a single-family residence on property owned by defendants Michael S. Radecke and Billie Jo Radecke. NEA Residential, Inc. (defendant) was the designated project coordinator for the construction project, and defendant hired plaintiff's employer to perform framing work for the project. We conclude that Supreme Court properly denied that part of the motion of defendant for partial summary judgment dismissing the Labor Law § 241 (6) claim against it. There is a triable issue of fact whether defendant, as the project coordinator, was acting as the statutory agent of the property owners pursuant to the terms of its agreement with them and thus is liable to plaintiff pursuant to section 241 (6) (see Sherbourne v Murnane Bldg. Contrs., Inc., 28 AD3d 1151, 1152 [2006]). In addition, there is a triable issue of fact whether defendant "was responsible for coordinating and supervising the . . . project and was invested with a concomitant power to enforce safety standards and to hire responsible contractors" and thus is liable pursuant to Labor Law § 241 (6) as a general contractor (Kulaszewski v Clinton Disposal Servs., 272 AD2d 855, 856 [2000]; see also Ewing v ADF Constr. Corp., 16 AD3d 1085, 1087 [2005]).

Finally, we decline the request of plaintiff to search the record and grant summary judgment on the Labor Law § 241 (6) claim pursuant to CPLR 3212 (b). Where, as here, the question of control over the construction project is at issue, summary judgment is inappropriate (see Hall v Miller & Assoc., 167 AD2d 688, 691 [1990]). Present—Smith, J.P., Centra, Peradotto, Green and Gorski, JJ.