■ LATTIMORE ROAD SURGICENTER, INC., Appellant, v MERCHANTS GROUP, INC., et al., Respondents. [898 NYS2d 741]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered May 21, 2009 in a breach of contract action. The order, among other things, denied plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking insurance coverage resulting from the rupture of a water main near an ambulatory surgical center operated by plaintiff. The ruptured water main, which was located in the basement of a professional building, in turn ruptured a portion of a nearby sewer lateral that carried wastewater from the surgical center. The remaining portion of the sewer lateral served as a conduit for water that escaped from the water main and entered the surgical center through one of the surgical center's drains. That water caused extensive damage to the surgical center.

Defendant Merchants Mutual Insurance Company (Merchants) had issued commercial property insurance to plaintiff that was in effect at the time of the loss. The policy contained an exclusion for damage caused by "water," however, and expressly provided that Merchants "will not pay for loss or damage caused directly or indirectly" by "water" that, inter alia, "backs up or overflows from a sewer, drain or sump." An endorsement to the policy amended the exclusion to provide a special extension of up to $5,000 for damage to property "by water that backs up or overflows from a sewer, drain or sump."

Following the loss, Merchants, through defendant Merchants Insurance Group (MIG), paid plaintiff the sum of $5,000 in accordance with the special extension endorsement, as well as an additional $5,327.05 in accordance with certain extra expense coverage provided by the policy. Merchants, again through MIG, otherwise disclaimed coverage for the loss based on, inter alia, the water exclusion, whereupon plaintiff commenced this breach of contract action seeking a money judgment. According to plaintiff, defendants breached their obligation to provide coverage for losses caused by the broken water main to the full limits of the policy. Supreme Court denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint. We affirm.

" 'Where[, as here,] the provisions of an insurance contract are clear and unambiguous, they must be enforced as written' " (*Oot v Home Ins. Co. of Ind.*, 244 AD2d 62, 66 [1998]). Affording the unambiguous terms in the instant insurance contract their plain and ordinary meaning (*see White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]), we conclude that defendants established their entitlement to judgment as a matter of law by establishing that the policy does not provide coverage for the loss herein (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff's contention that the water exclusion is inapplicable because it excludes only sewer backups or overflows is misplaced. Pursuant to the terms of the exclusion, there plainly is no coverage for loss stemming from "water that backs up or overflows from a sewer," irrespective of any other concurrent or subsequent contributing cause or event. Present—Scudder, P.J., Centra, Fahey and Green, JJ.