# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

980

CA 13-00372

PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, AND VALENTINO, JJ.

---

CONLEY & TIBBITTS PROPERTIES, LLC,
PLAINTIFF-APPELLANT,

V                                                      MEMORANDUM AND ORDER

LEATHERSTOCKING COOPERATIVE INSURANCE COMPANY,
DEFENDANT-RESPONDENT.

---

GUSTAVE J. DETRAGLIA, JR., UTICA, FOR PLAINTIFF-APPELLANT.

GOZIGIAN, WASHBURN & CLINTON, COOPERSTOWN (E. W. GARO GOZIGIAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered July 11, 2012. The order denied the motion of plaintiff for summary judgment, granted the cross motion of defendant for summary judgment and dismissed the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this breach of contract action arising from a dispute over insurance coverage, plaintiff appeals from an order that denied its motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the amended complaint. We affirm. Plaintiff obtained insurance from defendant to cover a rental property (hereafter, building) that it owns in Oneida County. Although the policy covered losses caused by, inter alia, fire, it contained an exclusion for losses or increased costs resulting directly or indirectly from "enforcement of any code, ordinance or law regulating the . . . repair . . . of a building," irrespective of "any other cause or event that contributes concurrently or in any sequence to the loss."

While the policy was in effect, a fire damaged the building. Plaster had been disturbed while the fire was being extinguished, and a state code required under such circumstances that an asbestos survey be completed before any further action could be taken with respect to the building. The survey indicated that asbestos was present, and plaintiff obtained an estimate for the cost of removing the asbestos. Although defendant reimbursed plaintiff for all other parts of its claim, it denied coverage for the cost of asbestos removal. Plaintiff thereafter commenced this action seeking "the full amount of the building damages and remediation fof asbestos."

" 'Where[, as here,] the provisions of an insurance contract are clear and unambiguous, they must be enforced as written' " (*Oot v Home Ins. Co. of Ind.*, 244 AD2d 62, 66).  Affording the unambiguous terms in the instant insurance contract their plain and ordinary meaning (*see White v Continental Cas. Co.*, 9 NY3d 264, 267), we conclude that defendant established its entitlement to judgment as a matter of law by establishing that the policy does not provide coverage for the increased costs sought by plaintiff (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Pursuant to the terms of the contract exclusion, no coverage exists for increased costs caused by the enforcement of the state code at issue here, "irrespective of any other concurrent or subsequent contributing cause or event" (*Lattimore Rd. Surgicenter, Inc. v Merchants Group, Inc.*, 71 AD3d 1379, 1380).

Entered:  September 27, 2013                        Frances E. Cafarell
                                                    Clerk of the Court