American Empire Surplus Lines Ins. Co. v Contour Steel Inc. (2025 NY Slip Op 04412)

American Empire Surplus Lines Ins. Co. v Contour Steel Inc.

2025 NY Slip Op 04412

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

571.1 CA 24-01828

[*1]AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v
CONTOUR STEEL INC., CONTOUR ERECTION & SIDING SYSTEMS, INC., EDEN VALLEY PROPERTIES, INC., EDEN VALLEY STEEL, INC., AND EDEN VALLEY EQUIPMENT, INC., DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 

COUCH WHITE, LLP, ALBANY (CLEMENTE J. PARENTE OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
L'ABBATE, BALKAN, COLAVITA & CONTINI, LLP, MELVILLE (MAUREEN E. O'CONNOR OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered October 7, 2024 in a breach of contract action. The order, among other things, granted plaintiff's motion for summary judgment and denied defendants' cross-motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion to the extent that it seeks declaratory relief, and as modified the order is affirmed without costs.
Memorandum: Plaintiff insurance company commenced this action seeking a determination and declaration that defendants are required pursuant to the terms of their insurance policies to provide plaintiff with their bank statements so that plaintiff could complete premium audits. Defendants had refused to provide plaintiff with the bank statements on the ground that the language of the insurance policies did not require defendants to turn them over. Plaintiff moved for summary judgment on the complaint and defendants cross-moved for summary judgment dismissing the complaint "and/or for an [o]rder declaring that [d]efendants are not required to provide [p]laintiff and its auditors their bank statements." In appeal No. 1, defendants appeal from an order that, inter alia, granted plaintiff's motion, directed defendants to provide certain bank statements and that the bank statements were to be kept confidential and used solely to complete the audits, and denied defendants' cross-motion. In appeal No. 2, defendants appeal from an order that again, inter alia, granted plaintiff's summary judgment motion and ordered defendants to turn over the bank statements.
Initially, we dismiss the appeal from the order in appeal No. 2 inasmuch as the order in that appeal is duplicative of the order in appeal No. 1 (see generally Matter of Chendo O., 175 AD2d 635, 635 [4th Dept 1991]).
Contrary to defendants' contention, Supreme Court did not err in ruling that defendants were required to supply plaintiff with the relevant bank statements. Where, as here, the provisions of an insurance contract are clear and unambiguous, they must be enforced as written (see Lattimore Rd. Surgicenter, Inc. v Merchants Group, Inc., 71 AD3d 1379, 1380 [4th Dept 2010]; Oot v Home Ins. Co. of Ind., 244 AD2d 62, 66 [4th Dept 1998]). Affording the unambiguous terms in the instant insurance contract their plain and ordinary meaning (see White v Continental Cas. Co., 9 NY3d 264, 267 [2007]), we conclude that plaintiff met its initial [*2]burden on its motion for summary judgment. Plaintiff submitted the relevant portion of the parties' insurance policies, which provide that plaintiff was entitled to conduct audits at the conclusions of the coverage periods to determine whether there were differences between the advance premiums and the earned premiums. Pursuant to the policies' terms, defendants were required to "keep records of the information that [plaintiff] need[ed] for the earned premium computation, and send [plaintiff] copies of those records at such times as [plaintiff]] may request." Plaintiff further submitted the affidavit of its auditor who averred that the relevant bank statements were necessary for completion of the earned premium computations for the audits.
In opposition to plaintiff's motion, defendants failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We reject defendants' contention that plaintiff's interpretation of the insurance provision is inconsistent with "common speech and . . . the reasonable expectation of the average insured at the time of contracting" (J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 37 NY3d 552, 561 [2021], rearg denied 37 NY3d 1228 [2022] [internal quotation marks omitted]; see generally John Mezzalingua Assoc., LLC v Travelers Indem. Co., 211 AD3d 1553, 1557 [4th Dept 2022]).
We further conclude, however, that under the circumstances of this case declaratory relief is unnecessary (see Applied Healthcare Research Mgt. v Ibrahim, 232 AD3d 1312, 1315 [4th Dept 2024]; see generally Harris v Town of Mendon, 284 AD2d 988, 988-989 [4th Dept 2001]). We therefore modify the order accordingly.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court