Arruda v New York Cent. Mut. Fire Ins. Co. (2026 NY Slip Op
01902)

Arruda v New York Cent. Mut. Fire Ins. Co.

2026 NY Slip Op 01902

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, OGDEN, GREENWOOD, AND
DELCONTE, JJ.

951 CA 24-01702

[*1]MANOEL C.D. ARRUDA AND LOUISE C.K. ARRUDA,
PLAINTIFFS-RESPONDENTS,
vNEW YORK CENTRAL MUTUAL FIRE INSURANCE
COMPANY, DEFENDANT-APPELLANT. 

HURWITZ FINE P.C., BUFFALO (SCOTT D. STORM OF COUNSEL), FOR
DEFENDANT-APPELLANT. 
CAMARDO LAW FIRM, PC, AUBURN (JOSEPH A. CAMARDO, JR., OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone,
A.J.), entered October 3, 2024. The order denied the motion of defendant for summary
judgment dismissing the complaint and granted the cross-motion of plaintiffs to compel
defendant to respond to their discovery demands. 
It is hereby ORDERED that the order so appealed from is reversed on the law
without costs, the cross-motion is denied, the motion is granted, and the complaint is
dismissed.
Memorandum: Plaintiffs commenced this action alleging that defendant breached its
insurance contract with plaintiffs by failing to provide coverage beyond a limited payment
of $10,000 for damage to their home when sewage backed up into their basement through
a floor drain. Defendant moved for, inter alia, summary judgment dismissing the
complaint, and plaintiffs cross-moved to compel defendant to respond to their discovery
demands. Defendant appeals from an order that denied its motion and granted plaintiffs'
cross-motion. We reverse.
We agree with defendant that plaintiffs' loss beyond $10,000 is excluded under the
policy. An insurer moving for summary judgment "has the initial burden of coming
forward with admissible evidence establishing that the loss was not a covered loss or that
the loss was excluded from coverage" (Blair v Allstate Indem. Co., 124 AD3d 1224, 1224 [4th
Dept 2015]). "[T]o negate coverage by virtue of an exclusion, an insurer must establish
that the exclusion is stated in clear and unmistakable language, is subject to no other
reasonable interpretation, and applies in the particular case" (Belt Painting Corp. v
TIG Ins. Co., 100 NY2d 377, 383 [2003] [internal quotation marks omitted]). Here,
the policy unambiguously provided that defendant did not insure "for loss caused directly
or indirectly by" water, including water which "[b]acks up through sewers or drains." The
loss therefore fell within the water exclusion (see Platek v Town of Hamburg, 24 NY3d 688, 694 [2015];
Lattimore Rd. Surgicenter, Inc. v Merchants Group, Inc., 71
AD3d 1379, 1379-1380 [4th Dept 2010]). Moreover, the policy further provided that
defendant did not insure "for loss caused directly or indirectly by" earth movement,
including "earth sinking, rising or shifting." A report issued by an engineer hired by
plaintiffs showed that the sewage backup was caused by erosion of the soil around the
sewer pipe, which caused the pipe to settle below the proper slope of the sewer line and
created a permanent backup. Inasmuch as the loss was caused directly or indirectly by
earth movement, that exclusion also applied (see Valente v Utica First Ins. Co., 173 AD3d 1642, 1643
[4th Dept 2019], lv denied 34 NY3d 913 [2020]; Cali v Merrimack Mut. Fire Ins.
Co., 43 AD3d 415, 417 [2d Dept 2007], lv denied 9 NY3d 818
[2008]).
Defendant therefore met its burden of establishing that exclusions under the policy
applied, precluding coverage for the loss beyond a $10,000 limited water back-up
coverage under [*2]the policy, which was paid by
defendant (see Lattimore Rd. Surgicenter, Inc., 71 AD3d at 1380). In
opposition to the motion, plaintiffs failed to raise a triable issue of fact regarding the
applicability of an exception to the exclusions (see Copacabana Realty, LLC v
Fireman's Fund Ins. Co., 130 AD3d 771, 772 [2d Dept 2015], lv
denied 26 NY3d 911 [2015]; see generally Platek, 24 NY3d at 694).
Plaintiffs' reliance on the "exception to paragraph 2.d" of the policy is misplaced. The
exception states that "[u]nless the loss is otherwise excluded, we cover loss to property . .
. resulting from an accidental discharge or overflow of water or steam from within a . . .
[s]torm drain, or water, steam or sewer pipe, off the 'residence premises.' " The exception
applied only to coverage excluded by paragraph 2.d. Plaintiffs, however, did not identify
any provision of paragraph 2.d that would be applicable here, and defendant did not rely
on any of those provisions in denying coverage. Moreover, the exception states that it
applies "[u]nless the loss is otherwise excluded" and, as explained above, the loss is
excluded under the policy.
We respectfully disagree with our dissenting colleagues that Supreme Court properly
denied the motion on the ground that additional discovery was needed. Plaintiffs failed to
show "that facts essential to justify opposition [to the motion] may exist but cannot then
be stated" (CPLR 3212 [f]; see
Newman v Regent Contr. Corp., 31 AD3d 1133, 1135 [4th Dept 2006]). The
basis for defendant's motion was a report issued by an engineer hired by plaintiffs, which
was further buttressed by the engineer's responding affidavit to the motion. Thus,
defendant "accepted plaintiffs' version of the facts for the purpose of the summary
judgment motion," leaving the only issue as the interpretation of the policy and its
exclusions (Kula v State Farm Fire & Cas. Co., 212 AD2d 16, 18-19 [4th
Dept 1995], lv dismissed in part & denied in part 87 NY2d 953 [1996]).
In light of our determination, we need not address defendant's remaining
contentions.
All concur except Ogden and Delconte, JJ., who dissent and
vote to affirm in the following memorandum: We respectfully dissent and would affirm.
Plaintiffs commenced this action alleging that defendant breached its insurance contract
by failing to provide full coverage for extensive damage to their home from a raw sewage
backup that was allegedly caused by a downstream blockage. Defendant now appeals
from an order that denied without prejudice its motion for summary judgment dismissing
the complaint, granted plaintiffs' cross-motion to compel defendant to respond to
plaintiffs' outstanding discovery demands, and granted plaintiffs' "request for further
discovery pursuant to CPLR [ ] 3212 (f)." Although the order purports to deny defendant's motion on the ground
that "[d]efendant . . . failed to meet its burden of demonstrating the absence of material
questions of fact," it is clear to us that Supreme Court, in effect, denied defendant's
motion pursuant to CPLR 3212 (f).
In our view, the court properly denied the motion for summary judgment as
premature because plaintiffs made the requisite evidentiary showing to support the
conclusion that facts essential to justify opposition may exist but could not then be stated
(see Beck v City of Niagara
Falls, 169 AD3d 1528, 1529 [4th Dept 2019], amended on rearg on other
grounds 171 AD3d 1573 [4th Dept 2019]; cf. Feldmeier v Feldmeier
Equip., Inc., 164 AD3d 1093, 1097 [4th Dept 2018]; Resetarits Constr.
Corp. v Elizabeth Pierce Olmstead, M.D. Center for the Visually Impaired
[appeal No. 2], 118 AD3d 1454, 1456 [4th Dept 2014]). Specifically, plaintiffs'
submissions in response to defendant's motion included an expert affidavit from an
engineer, who opined that the "damage caused to the basement was a discharge from a
defective sewer pipe that [wa]s located off the residential premises." Inasmuch as
defendant has, as noted by the majority, "accepted plaintiffs' version of the facts for the
purpose of the summary judgment motion" (Kula v State Farm Fire & Cas.
Co., 212 AD2d 16, 18-19 [4th Dept 1995], lv dismissed in part & denied in
part 87 NY2d 953 [1996]), the engineer's opinion establishes for purposes of the
motion that the damage to the basement was not excluded from coverage under
defendant's insurance policy. Plaintiffs have established that evidence regarding both the
specific cause of the sewage backup and the specific location of an alleged blockage
could be obtained through further discovery and thus that "facts essential to oppose the
motion were in [the movant's] exclusive knowledge and possession and could be obtained
by discovery" (Resetarits Constr. Corp., 118 AD3d at 1456 [internal quotation
marks omitted]). We would therefore conclude that the court properly exercised its
discretion pursuant to CPLR 3212 (f) in denying, without prejudice, defendant's motion
seeking summary judgment dismissing the complaint (see Fellows v County of
Onondaga, 2 AD3d 1462, 1462 [4th Dept 2003]; Freier v Amax, Inc., 217 AD2d
981, 981 [4th Dept 1995]; cf. R.C.S. Farmers Mkts. Corp. v Great Am. Ins. Co.,
56 NY2d 918, 920 [1982]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court