(September 18, 2000)

■ JOHN BREEDEN et al., Appellants, v SUNSET INDUSTRIAL PARK ASSOCIATES, L. L. P., et al., Respondents. [713 NYS2d 210] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (R. Goldberg, J.), entered June 7, 1999, which granted the separate motions of the defendants Sunset Industrial Park Associates, James McKeon, and Alfonso Figliolia, and the defendant ADT Security Services, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and denied their cross motion for partial summary judgment.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff John Breeden, a telephone repairman, was injured when he fell from a ladder while investigating a nonworking telephone line. The work performed by the injured plaintiff at the time of the accident was routine maintenance of a nonworking telephone line and did not constitute "erection, demolition, repairing, altering, painting, cleaning or pointing of a building" within the meaning of Labor Law § 240 (1) so as to bring him within the protective ambit of the statute (see, Joblon v Solow, 91 NY2d 457; Pound v A.V.R. Realty Corp., 271 AD2d 424).

The injured plaintiff was not covered by Labor Law § 241 (6), also because no construction, excavation, or demolition work was being performed (see, Rogala v Van Bourgondien, 263 AD2d 535; Luthi v Long Is. Resource Corp., 251 AD2d 554).

The plaintiffs' remaining contentions are without merit. Krausman, J. P., Goldstein, Feuerstein and Smith, JJ., concur.