■ TERRY SHORT et al., Respondents-Appellants, v DUREZ DIVISION-HOOKER CHEMICALS & PLASTIC CORP. et al., Appellants-Respondents. [721 NYS2d 218] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Terry Short (plaintiff) was injured while climbing a ladder at the Durez Division-Hooker Chemicals & Plastic Corp. (Durez) plant of defendant Occidental Chemical Corporation (OCC). Plaintiff was an employee of Davis Refrigeration Company (Davis) assigned to work at the Durez plant. Plaintiff and his wife commenced this action against defendants alleging, *inter alia*, a cause of action under Labor Law § 240 (1). Defendants moved for summary judgment dismissing the complaint as barred by the exclusive remedy provisions of Workers' Compensation Law §§ 11 and 29 (6) and for summary judgment dismissing the cause of action under Labor Law § 240 (1) on the ground that plaintiff was injured while performing routine maintenance in a non-construction, non-renovation context. Plaintiffs cross-moved for partial summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action.

Supreme Court properly denied defendants' motion insofar as it sought dismissal of the complaint as barred by Workers' Compensation Law §§ 11 and 29 (6). Defendants contend that plaintiff was a special employee of OCC and submitted evidence establishing that OCC had exclusive control over plaintiff's work. Plaintiff, however, submitted evidence that Davis retained the authority to direct him to report to other locations and that he was neither aware of nor consented to a special employment relationship (*cf., Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-559). A person's status as a special employee is generally a question of fact and may be determined as a matter of law "[o]nly where the undisputed facts establish surrender of complete control by the general employer and assumption of control by the special employer" (*Ozzimo v H.E.S., Inc.*, 249 AD2d 912, 913; *see, Thompson v Grumman Aerospace Corp., supra*, at 557-558). Because there are questions of fact whether there was a surrender of complete control, summary judgment was properly denied.

The court erred, however, in granting defendants' motion insofar as it sought summary judgment under Labor Law § 240 (1). "It is well settled that the statute does not apply to routine maintenance in a non-construction, non-renovation context" (*Koch v E.C.H. Holding Corp.*, 248 AD2d 510, 511, *lv denied* 92 NY2d 811; *see, Jehle v Adams Hotel Assocs.*, 264 AD2d 354, 355; *Howe v 1660 Grand Is. Blvd.*, 209 AD2d 934, *lv*

*denied* 85 NY2d 803). Where a person is investigating a malfunction, however, efforts in furtherance of that investigation are protected activities under Labor Law § 240 (1) (*see, Craft v Clark Trading Corp.*, 257 AD2d 886, 887; *see also, Fuller v Niagara Mohawk Power Corp.*, 213 AD2d 986, *lv denied* 86 NY2d 708; *cf., Breeden v Sunset Indus. Park Assocs.*, 275 AD2d 726; *Zevallos v Treeco Plainview Ltd. Partnership*, 267 AD2d 305, 306, *lv denied* 95 NY2d 756). Defendants submitted evidence that plaintiff was changing an air filter, but plaintiffs submitted evidence that plaintiff was investigating a loose or broken piece of machinery in the air system. Thus, plaintiffs raised an issue of fact whether plaintiff was performing routine maintenance or protected repair work. On their cross appeal, plaintiffs contend that the court erred in denying their motion for partial summary judgment on liability under Labor Law § 240 (1). Neither party is entitled to summary judgment on that cause of action. We therefore modify the order by denying defendants' motion for summary judgment dismissing the cause of action under Labor Law § 240 (1) and reinstating that cause of action. (Appeals from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Kehoe and Lawton, JJ.