FOURTH DEPARTMENT, JULY, 2003

(July 3, 2003)

■ JAMES R. BEEHNER et al., Appellants, v ECKERD CORPORATION, Respondent. [762 NYS2d 756] —Appeal from an order of Supreme Court, Onondaga County (Major, J.), entered June 12, 2002, which, inter alia, granted defendant's cross motion for summary judgment dismissing the Labor Law § 240 (1) claim.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by James R. Beehner (plaintiff) when he fell from a ladder while descending from the roof of a building owned by defendant. Plaintiff was dispatched by his employer to respond to an emergency call from one of defendant's stores reporting that the air conditioning unit in the pharmacy area of the store was not operating. When plaintiff arrived at the store, he inspected and made repairs to the air conditioning unit. Once plaintiff had completed the repairs, he then used a ladder to climb onto the roof of the building to obtain the serial and model numbers of the air conditioning unit. Plaintiff had to obtain that information in order to complete the paperwork for the repair order, and the store manager was unable to provide it. When plaintiff was descending the ladder, a gust of wind moved the ladder and plaintiff fell 10 feet to the ground.

Supreme Court properly denied plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim and properly granted defendant's cross motion for summary judgment dismissing that claim. Although the repair of the malfunctioning air conditioning unit did not constitute mere routine maintenance (see Craft v Clark Trading Corp., 257 AD2d 886, 887 [1999]; see also Short v Durez Div.-Hooker Chems. & Plastic Corp., 280 AD2d 972, 972-973 [2001]), plaintiff was not engaged in that repair work at the time of his injury. Plaintiff had two distinct jobs to perform on the day that he was injured, i.e., repairing the air conditioning unit

and obtaining the serial and model numbers of the unit (*see Fairchild v Servidone Constr. Corp.*, 288 AD2d 665, 666-667 [2001]), and it is undisputed that he was obtaining the serial and model numbers of the unit at the time of his injury. Because obtaining that information was not part of the repair work, plaintiff was not engaged in a protected activity under Labor Law § 240 (1) when he fell from the ladder (*see id.* at 667; *see generally Martinez v City of New York,* 93 NY2d 322, 326 [1999]).

All concur except Hayes and Lawton, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Hayes and Lawton, JJ. (dissenting). We respectfully dissent. In our view, Supreme Court erred in denying plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim and in granting defendant's cross motion for summary judgment dismissing that claim. We disagree with the majority that obtaining the serial and model numbers of the air conditioning unit was not part of the repair task and thus was not a protected activity under the statute. Labor Law § 240 (1) was enacted for the protection of workers from injury and should be liberally construed for that purpose (*see Martinez v City of New York,* 93 NY2d 322, 325-326 [1999]; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500 [1993]; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520-521 [1985], *rearg denied* 65 NY2d 1054 [1985]). Plaintiffs submitted evidence establishing that James R. Beehner (plaintiff) was required to obtain the serial and model numbers of the air conditioning unit before the repair of the unit would be deemed completed. In our view, plaintiffs established that obtaining such information was not a "separate and distinct" task assigned by plaintiff's employer (*Fairchild v Servidone Constr. Corp.,* 288 AD2d 665, 666 [2001]) but, rather, was "incidental to the repair work that plaintiff completed earlier" (*id.* at 667). Thus, we conclude that plaintiff was engaged in a protected activity under Labor Law § 240 (1) when he fell from the ladder (*cf. Martinez,* 93 NY2d at 326). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Lawton and Hayes, JJ.