DANIEL L. BAGSHAW, Respondent-Appellant, v NETWORK SERVICE MANAGEMENT, INC., Respondent, and OLD NAVY, INC., et al., Appellants-Respondents. [772 NYS2d 161]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered March 13, 2003. The order, inter alia, granted in part plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion of defendant Network Service Management, Inc. in part, reinstating the Labor Law § 240 (1) claim against it, granting the motion in its entirety, denying that part of the amended cross motion with respect to the common-law negligence cause of action against defendant Old Navy, Inc. and reinstating that cause of action against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell through an elevated electric sign during the course of his employment as a repairman for the Allied Sign Company, Inc. (Allied). Plaintiff fell through the sign immediately upon removing the side panel and entering the sign to perform an inspection preparatory to necessary repairs. Defendant Tehan's Catalog Showrooms, Inc. (Tehan's) owned the site, and defendant Old Navy, Inc. (Old Navy) leased a store at the site and owned the sign. Defendant Network Service Management, Inc. (Network) is a national management firm that contracts with local repair shops to service electric signs on behalf of its customers, one of which is Old Navy.

Supreme Court properly granted that part of plaintiff's motion seeking partial summary judgment against Tehan's and Old Navy on the issue of liability under Labor Law § 240 (1). Contrary to the contention of Tehan's and Old Navy, the record conclusively establishes that plaintiff was performing an inspection at the time of the accident necessary and incidental to the repair work that Allied had been hired to perform, and thus plaintiff is entitled to the protection of section 240 (1) (*see Caraciolo v 800 Second Ave. Condominium*, 294 AD2d 200, 202 [2002]; *Short v Durez Div.-Hooker Chems. & Plastic Corp.*, 280 AD2d 972, 973 [2001]; *Leubner v McNeil*, 261 AD2d 777 [1999], *lv dismissed* 93 NY2d 1041 [1999]; *Seguin v Massena Aluminum Recovery Co.*, 229 AD2d 839 [1996]; *cf. Fabrizio v City of New York*, 306 AD2d 87 [2003]). "[T]he relevant inquiry here is not whether the plaintiff picked up a tool to effect a repair, but whether he was hired to take any part in the repair work" (*Campisi v Epos Contr. Corp.*, 299 AD2d 4, 8 [2002]). Allied was engaged here by Network at Old Navy's request to repair the

sign on condition that the cost of the repair not exceed $400. Although Network was aware that the sign needed major repairs and that another repair shop had quoted a price of more than $8,000 to fix it, Network did not disclose that information to Allied. Neither Network's work order nor Network's service order contract with Allied indicates that Allied was to provide a repair estimate only. Indeed, plaintiff was aware only that he was on a service call, and he was injured before he had any opportunity to assess the damage to the sign. Thus, this case is distinguishable from *Gibson v Worthington Div. of McGraw-Edison Co.* (78 NY2d 1108 [1991]), wherein the injured plaintiff was asked only to supply a repair estimate. It also is distinguishable from *Martinez v City of New York* (93 NY2d 322 [1999]), wherein the injured plaintiff was hired only to perform an inspection as a precursor to construction work to be performed by others. "[S]ection 240 (1) 'is to be construed as liberally as may be for the accomplishment of the purpose for which it was . . . framed' " (*id.* at 326, quoting *Quigley v Thatcher*, 207 NY 66, 68 [1912]). We therefore agree with the court that section 240 (1) is applicable to this case.

We disagree with the court, however, that Network has no liability under section 240 (1) as a general contractor, and thus we conclude that the court erred in granting that part of the cross motion of Network seeking summary judgment dismissing the section 240 (1) claim against it. Indeed, we conclude that the court should have granted that part of plaintiff's motion seeking partial summary judgment against Network on the issue of liability under section 240 (1), and we therefore modify the order accordingly.

"[A] general contractor is generally responsible for the coordination and execution of all the work at the worksite" (*Feltt v Owens*, 247 AD2d 689, 691 [1998]). An entity is deemed a general contractor "if it was responsible for coordinating and supervising the . . . project and was invested with a concomitant power to enforce safety standards and to hire responsible contractors" (*Kulaszewski v Clinton Disposal Servs.*, 272 AD2d 855, 856 [2000]; *see Outwater v Ballister*, 253 AD2d 902, 904 [1998]). General contractors, like owners, are absolutely liable for violations of section 240 (1) (*see Decotes v Merritt Meridian Corp.*, 245 AD2d 864, 866 [1997]).

The evidence here conclusively establishes that Network was responsible for the coordination and execution of the sign's repair. Old Navy retained the authority to approve the cost of repairs exceeding a specified dollar amount but it relied upon Network to select the vendor to perform the work. The approval

of Old Navy was not required where the cost of repairs was less than the specified amount. Network contracted directly with each of the vendors involved. Each vendor was obligated to abide by the conditions of its contract with Network and was paid directly by Network.

Finally, we agree with plaintiff that the court erred in granting that part of the amended cross motion of Old Navy seeking summary judgment dismissing the common-law negligence cause of action against it, and we therefore further modify the order accordingly. In seeking that relief, "the initial burden was on [Old Navy] to make a prima facie showing of entitlement to judgment as a matter of law by coming forward with competent proof refuting the allegations of the complaint as amplified by the bill of particulars" (*Balnys v Town of New Baltimore*, 160 AD2d 1136, 1136 [1990]). Plaintiff's verified bill of particulars asserts that Old Navy created the unsafe condition that caused the accident, and Old Navy failed to address that assertion on its amended cross motion. The court therefore should have denied that part of the amended cross motion of Old Navy seeking summary judgment dismissing the common-law negligence cause of action against it, "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *see Rampello v Ferguson*, 280 AD2d 986 [2001]). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Kehoe, JJ.