■ MICHAEL L. PARTRIDGE, JR., et al., Respondents, v WATERLOO CENTRAL SCHOOL DISTRICT et al., Defendants. DAVID CHRISTA CONSTRUCTION, INC., et al., Third-Party Plaintiffs-Respondents, v ROSE CITY GLASS CO., INC., Third-Party Defendant-Appellant. [784 NYS2d 767]—

Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered November 14, 2003. The order,

insofar as appealed from, granted plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim and denied third-party defendant's cross motion for summary judgment dismissing the claims pursuant to Labor Law § 240 (1) and § 241 (6).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the cross motion of third-party defendant with respect to the Labor Law § 241 (6) claim to the extent that it alleges the violations of 12 NYCRR 23-1.15 and 23-1.16 and dismissing that claim to that extent and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this negligence and Labor Law action seeking damages for injuries sustained by Michael L. Partridge, Jr. (plaintiff) in an accident at a construction site. Plaintiff was installing a large and heavy window while standing on a newly-installed countertop that, at the request of the carpenters working simultaneously with the window installers, was covered by a layer of cardboard to protect its surface. When plaintiff removed the supporting shims, he was not aware that the usual supporting screw was not installed on the window. The window fell from its temporary placement in the frame onto plaintiff, causing him to slide from the countertop onto the floor.

Supreme Court properly granted plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim. Plaintiff is entitled to the protection of Labor Law § 240 (1) because he was a "falling worker." The weight of the falling window caused plaintiff to fall from his elevated work site to the ground, and none of the enumerated safety devices was provided to prevent his fall. "[A]n 'owner or contractor who has failed to provide any safety devices for workers' " at a work site is absolutely liable for injuries sustained by any such worker when the absence of such safety devices is a proximate cause of the worker's injuries (*Felker v Corning Inc.,* 90 NY2d 219, 225 [1997], quoting *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 519 [1985], *rearg denied* 65 NY2d 1054 [1985]). " 'The core objective of the statute in requiring protective devices for those working at heights is to allow them to complete their work safely and prevent them from falling' " (*Morrison v Christa Constr.* [appeal No. 2], 305 AD2d 1004, 1005 [2003]).

We further conclude, however, that the court should have granted that part of the cross motion of third-party defendant for summary judgment dismissing the claim pursuant to Labor Law § 241 (6) against defendants to the extent that it alleges

the violations of 12 NYCRR 23-1.15 and 23-1.16, and we therefore modify the order accordingly. Section 23-1.15, entitled "Safety railing," does not specify when safety railings are required but, rather, sets forth only how they must be constructed when they are required. Section 23-1.16, entitled "Safety belts, harnesses, tail lines and lifelines," also does not specify when such safety devices are required. "Because there was no safety railing and plaintiff was not provided with a safety belt, harness, tail line or lifeline, neither of those sections is applicable here" (*Luckern v Lyonsdale Energy Ltd. Partnership*, 281 AD2d 884, 887 [2001]).

We agree with plaintiffs, however, that there is an issue of fact concerning the applicability of 12 NYCRR 23-1.7 (d). That section provides that "[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition." Here, there is an issue of fact whether the presence of the loose cardboard on the countertop created a slippery condition on an elevated working surface, and thus there is an issue of fact concerning the alleged violation of that section. Present—Hurlbutt, J.P., Gorski, Martoche, Lawton and Hayes, JJ.