■ THOMAS D. PAKENHAM, JR., Appellant-Respondent, v WESTMERE REALTY, LLC, Respondent-Appellant, and MICHAEL LEPKOWSKI et al., Respondents. [871 NYS2d 456]—

Lahtinen, J. Cross appeals from an order of the Supreme Court (Lynch, J.), entered September 6, 2007 in Rensselaer County, which, among other things, partially granted a motion by defendant Westmere Realty, LLC for summary judgment dismissing the complaint against it.

Plaintiff, a service technician, commenced this action premised upon Labor Law §§ 200, 240 (1) and § 241 (6) after sustaining severe personal injuries when a ladder he was on toppled. Late in the afternoon of January 21, 2005, as plaintiff was headed home "towards the end of the day," he received a dispatch from his employer directing him to a report of "no heat" at the office of defendant LCB Tax Associates, Inc., which was located in a commercial plaza owned by defendant Westmere Realty, LLC. The outside temperature was in the low, single digits (Fahrenheit) and there was concern that the sprinkler system pipes in the building might freeze overnight. Arriving as darkness descended, plaintiff first checked instruments in the building and, finding those in working order, he proceeded to the rear of the building and looked for a spot free of snow and ice to place his ladder and access the roof, where the heating unit was located. He reached the flat roof of the one-story building, and he recalled having to walk through snow to the heating unit, which he inspected and then returned to the ladder intent on retrieving necessary tools from his service van. As he started to descend, however, the ladder slipped to the side and back causing plaintiff to fall to the pavement, with the ladder landing on top of him.

He commenced this action against LCB and LCB's district

manager, defendant Michael Lepkowski (hereinafter collectively referred to as LCB), and Westmere. Westmere cross-claimed against LCB for indemnification. Following disclosure, defendants moved for summary judgment dismissing the complaint, and LCB additionally moved to have Westmere's cross claim dismissed. Supreme Court concluded that plaintiff was engaged in "routine maintenance," and not "repair," and thus dismissed the Labor Law § 240 (1) and § 241 (6) causes of action. The court found factual issues regarding whether Westmere was liable under Labor Law § 200, but, as to LCB, dismissed that cause of action and Westmere's cross claim. Plaintiff and Westmere cross appeal.

It is settled that "repairs" implicate Labor Law § 240 (1) liability whereas "routine maintenance" does not (*see e.g. Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]; *Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]). However, delineating between routine maintenance and repairs is frequently a close, fact-driven issue (*compare Brown v Concord Nurseries, Inc.*, 37 AD3d 1076, 1077 [2007], *and Beehner v Eckerd Corp.*, 307 AD2d 699, 699 [2003], *affd* 3 NY3d 751 [2004], *and Sprague v Peckham Materials Corp.*, 240 AD2d 392, 393 [1997], *with Barbarito v County of Tompkins*, 22 AD3d 937, 938 [2005], *lv denied* 7 NY3d 701 [2006], *and Anderson v Olympia & York Tower B Co.*, 14 AD3d 520, 521 [2005], *lv denied* 5 NY3d 715 [2005], *and Detraglia v Blue Circle Cement Co.*, 7 AD3d 872, 873 [2004]; *see generally* 1B NY PJI 2:217, at 1141-1142 [2008]). And, in this procedural posture, any disputed facts are viewed in the light most favorable to plaintiff, the party opposing summary judgment (*see Vona v St. Peter's Hosp. of City of Albany*, 223 AD2d 903, 904-905 [1996]; *Relyea v Bushneck*, 208 AD2d 1077, 1078 [1994]).

Here, plaintiff responded to an emergency situation regarding a lack of heat on a cold January night, which necessitated him climbing onto a snow-covered roof after regular work hours and when it was dark outside; hardly the type of circumstances encountered if engaged in a "routine" round of maintenance (*see Beehner v Eckerd Corp.*, 307 AD2d at 699; *Craft v Clark Trading Corp.*, 257 AD2d 886, 887 [1999]; *cf. Esposito v New York City Indus. Dev. Agency*, 1 NY3d at 528; *Kirk v Outokumpu Am. Brass, Inc.*, 33 AD3d 1136, 1137 [2006]; *Bruce v Fashion Sq. Assoc.*, 8 AD3d 1053, 1054 [2004]). Further, there was evidence submitted, including an affidavit from an expert familiar with these heating units, indicating that the work ultimately needed on the heating unit was more than merely "component replacement or adjustment necessitated by normal wear and

tear" (*Barbarito v County of Tompkins*, 22 AD3d at 938). The fact that plaintiff had inspected the heating unit and was in the process of retrieving his tools to start work when the fall occurred does not foreclose Labor Law § 240 (1) liability (*see Bagshaw v Network Serv. Mgt.*, 4 AD3d 831, 832 [2004]; *Short v Durez Div.-Hooker Chems. & Plastic Corp.*, 280 AD2d 972, 973 [2001]). While evidence supporting dismissal was produced by defendants, plaintiff submitted ample proof to raise a triable issue as to whether his work on the night of the accident came within the protection afforded by Labor Law § 240 (1) (*see Short v Durez Div.-Hooker Chems. & Plastic Corp.*, 280 AD2d at 973).

The Labor Law § 241 (6) cause of action, however, was properly dismissed. The Court of Appeals has held that such statute is "inapplicable outside the construction, demolition or excavation contexts" (*Esposito v New York City Indus. Dev. Agency*, 1 NY3d at 528; *see Nagel v D & R Realty Corp.*, 99 NY2d 98, 102-103 [2002]). As plaintiff's work did not involve construction, excavation or demolition, and there is no evidence that any work of that kind was performed on the building at the time of plaintiff's accident, Supreme Court properly dismissed this cause of action (*see generally Donnelly v Treeline Cos.*, 13 AD3d 143, 143 [2004]).

Similarly, summary dismissal of the Labor Law § 200 cause of action against LCB and Westmere's cross claim was proper. We agree with Supreme Court that there is no record support that the base of the ladder slipped on snow and ice on the blacktop (an area allegedly controlled by LCB).

Mercure, J.P., Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motions of defendants Michael Lepkowski, LCB Tax Associates, Inc. and Westmere Realty, LLC for summary judgment dismissing the Labor Law § 240 (1) cause of action against them; said motions denied to that extent; and, as so modified, affirmed. [*See* 16 Misc 3d 1137(A), 2007 NY Slip Op 51722(U).]