■ In the Matter of TATEONA B. ONEIDA COUNTY DEPART-
MENT OF SOCIAL SERVICES, Respondent; JENNIFER B., Appellant.
In the Matter of TATEONA B. ONEIDA COUNTY DEPARTMENT OF
SOCIAL SERVICES, Respondent; DRACY B., Appellant. [903 NYS2d
297]—Appeals from an order of the Family Court, Oneida County
(Randal B. Caldwell, J.), entered March 3, 2009 in proceedings
pursuant to Social Services Law § 384-b. The order, inter alia,
terminated the parental rights of respondents.

It is hereby ordered that the order so appealed from is
unanimously affirmed without costs. Present—Martoche, J.P.,
Fahey, Carni, Sconiers and Green, JJ.

■ SCOTT WILD, Respondent, v MARRANO/MARC EQUITY COR-
PORATION, Appellant. [903 NYS2d 288]—

Appeal from an order of the Supreme Court, Erie County
(Joseph R. Glownia, J.), entered January 26, 2009 in a personal
injury action. The order granted the motion of plaintiff for
partial summary judgment.

It is hereby ordered that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and
common-law negligence action seeking damages for injuries he
sustained when he fell into an excavation that was immediately
adjacent to the area where he was applying siding to a house.
When plaintiff stepped onto a plank that partially covered the
excavation, his foot slipped, causing him to fall into the excavation. Supreme Court properly granted plaintiff's motion seeking
partial summary judgment on liability with respect to the Labor
Law § 240 (1) claim. Contrary to the contention of defendant,
plaintiff's fall into an excavation from ground level is " 'the
type of elevation-related risk for which Labor Law § 240 (1)
provides protection' " (*Congi v Niagara Frontier Transp. Auth.*,
294 AD2d 830 [2002], quoting *Covey v Iroquois Gas Transmission Sys.*, 89 NY2d 952, 954 [1997]; *see Jiminez v Nidus Corp.*,
288 AD2d 123 [2001]; *Bockmier v Niagara Recycling*, 265 AD2d
897 [1999]). Contrary to defendant's further contention, the
record establishes that the plank from which plaintiff fell was
not being "used as a passageway or stairway" (*Paul v Ryan
Homes*, 5 AD3d 58, 60 [2004]) but, rather, it "served as the
functional equivalent of a scaffold" (*id.* at 61).

We have considered defendant's remaining contentions and
conclude that they are without merit. Present—Martoche, J.P.,
Fahey, Carni, Sconiers and Green, JJ.