# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

233

CA 10-00034

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

JEFFREY J. PITTS AND BRENDA L. PITTS,
PLAINTIFFS-APPELLANTS,

V                 MEMORANDUM AND ORDER

BELL CONSTRUCTORS, INC., ALSO KNOWN AS
BELL CONSTRUCTORS OF ROCHESTER,
DEFENDANT-RESPONDENT.

---

GOLDBERG SEGALLA LLP, SYRACUSE (SANDRA J. SABOURIN OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

DAMON MOREY LLP, BUFFALO (MICHAEL L. AMODEO OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), dated December 7, 2009 in a personal injury action. The order, among other things, granted defendant's motion for summary judgment dismissing plaintiffs' complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of defendant's motion seeking summary judgment dismissing the Labor Law § 240 (1) cause of action and the Labor Law § 241 (6) cause of action insofar as it is premised upon the alleged violation of 12 NYCRR 23-1.7 (b) and reinstating those causes of action to that extent, and by granting plaintiffs' cross motion seeking partial summary judgment on liability with respect to the Labor Law § 240 (1) cause of action, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Jeffrey J. Pitts (plaintiff) when he fell from a column form in a trench. Plaintiff was standing on the column form while attempting to straighten out bolts located in other column forms in the trench. When the bar that plaintiff was using slipped off of a bolt, plaintiff lost his balance and fell into the trench.

Supreme Court erred in granting that part of defendant's motion for summary judgment dismissing the Labor Law § 240 (1) cause of action and in denying plaintiffs' cross motion for partial summary judgment on liability with respect to that cause of action. We therefore modify the order accordingly. Plaintiffs established their entitlement to judgment as a matter of law by demonstrating that

"plaintiff was not furnished with the requisite safety devices and that the absence of [such] safety devices was a proximate cause of his injuries" (*Williams v City of Niagara Falls*, 43 AD3d 1426, 1427). Although generally a fall into a trench from the ground on either side is not covered by the statute (*see e.g.*, *Bradshaw v National Structures*, 249 AD2d 921; *Williams v White Haven Mem. Park*, 227 AD2d 923), where, as here, a plaintiff is working or walking over a plank or similar support suspended over a trench and falls into it, the statute applies (*see Wild v Marrano/Marc Equity Corp.*, 75 AD3d 1099).

The court also erred in granting that part of defendant's motion for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it's premised upon the alleged violation of 12 NYCRR 23-1.7 (b), and we therefore further modify the order accordingly. That regulation is sufficiently specific to support a cause of action under section 241 (6) (*see Barillaro v Beechwood RB Shorehaven, LLC*, 69 AD3d 543, 544), and a trench may be considered a hazardous opening within the meaning of the regulation if the opening is sufficiently large (*see Salazar v Novalex Contr. Corp.*, 72 AD3d 418, 422). The court, however, properly granted those parts of defendant's motion with respect to the alleged violation of the remaining regulations at issue inasmuch as they are either not sufficiently specific to support a cause of action (*see Partridge v Waterloo Cent. School Dist.*, 12 AD3d 1054, 1055-1056), or do not apply to the facts of this case (*see Curley v Gateway Communications*, 250 AD2d 888, 891-892).

Finally, we conclude that the court properly granted those parts of defendant's motion for summary judgment dismissing the Labor Law § 200 cause of action and the common-law negligence claim. Defendant met its initial burden of establishing that it did not supervise or control plaintiff's manner or method of work (*cf. Capasso v Kleen All of Am., Inc.*, 43 AD3d 1346, 1348), and plaintiffs failed to raise a triable issue of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court