# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**21**
**CA 10-01279**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

STEVEN KOSTYO AND KAREN KOSTYO, INDIVIDUALLY
AND AS HUSBAND AND WIFE, PLAINTIFFS-APPELLANTS,

V                                               MEMORANDUM AND ORDER

SCHMITT AND BEHLING, LLC, DEFENDANT-RESPONDENT.

---

ANDREWS, BERNSTEIN & MARANTO, LLP, BUFFALO (ANDREW D. FANIZZI OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA, LLC, BUFFALO (STEPHANIE
G. ELLIOTT OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Donna M.
Siwek, J.), entered August 31, 2009 in a personal injury action. The
order granted defendant's motion for summary judgment dismissing
plaintiffs' complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion in part and
reinstating the Labor Law § 240 (1) claim and as modified the order is
affirmed without costs.

Memorandum: Plaintiffs commenced this common-law negligence and
Labor Law action to recover damages for injuries sustained by Steven
Kostyo (plaintiff) when he fell from the front porch roof of a rental
property owned by defendant and rented by plaintiff Karen Kostyo,
plaintiff's wife. At the time of the accident, plaintiff was fixing
and "winterizing" a window over the front porch, which involved
nailing together the wooden window frame that had fallen apart and
placing plastic sheeting over the window. Supreme Court granted
defendant's motion for summary judgment dismissing the complaint, but
on appeal plaintiffs contend in their brief only that the court erred
in granting that part of defendant's motion with respect to the Labor
Law § 240 (1) claim, thus abandoning any issues with respect to the
remainder of the complaint (*see Ciesinski v Town of Aurora*, 202 AD2d
984).

We conclude that the court erred in granting defendant's motion
with respect to the Labor Law § 240 (1) claim on the ground that
plaintiff was performing only routine maintenance at the time of the
accident (*cf. Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882).
We therefore modify the order accordingly. "[D]elineating between
routine maintenance and repairs is frequently a close, fact-driven

issue" (*Pakenham v Westmere Realty, LLC*, 58 AD3d 986, 987), and we conclude on the record before us that there is a question of fact precluding summary judgment on that issue.  "[I]n order for work to constitute a 'repair' under Labor Law § 240 (1), there must be proof that the . . . object being worked upon was inoperable or not functioning properly" (*Goad v Southern Elec. Intl.*, 263 AD2d 654, 655).  Here, plaintiffs raised a question of fact whether plaintiff was in fact repairing the window by their submission of evidence that the window on which plaintiff was working was not "functioning properly" (*id.*), i.e., it required securing because there was a risk that the window would fall out of the frame in the event that the window was opened (*see generally Short v Durez Div.-Hooker Chems. & Plastic Corp.*, 280 AD2d 972, 972-973).

We further agree with plaintiffs that defendant failed to establish as a matter of law that the actions of plaintiff were the sole proximate cause of his injuries.  Thus, it cannot be said at this juncture of the litigation that "there is no view of the evidence . . . to support a finding that the [undisputed] absence of [any] safety devices was not a proximate cause of the injuries" (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524, *rearg denied* 65 NY2d 1054).

Entered:  March 25, 2011                        Patricia L. Morgan
                                                Clerk of the Court