# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

289

CA 12-01647

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

WILLIAM R. THOMPSON,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                              MEMORANDUM AND ORDER

SITHE/INDEPENDENCE, LLC, SITHE ENERGIES, INC.,
DYNEGY ENERGY SERVICES, INC., DYNEGY
NORTHEAST GENERATION, INC., DYNEGY, INC.
AND SITHE/INDEPENDENCE POWER PARTNERS, LP,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE, MAURO LILLING NAPARTY
LLP, WOODBURY (ANTHONY F. DESTEFANO OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered April 23, 2012. The order, inter alia, denied the motion of plaintiff for partial summary judgment pursuant to Labor Law § 240 (1).

It is hereby ORDERED that the order so appealed from is modified on the law by vacating the fifth ordering paragraph, reinstating the sixth and seventh affirmative defenses, denying plaintiff's motion for leave to amend the bill of particulars to include the violation of 12 NYCRR 23-1.16 as a basis for the Labor Law § 241 (6) claim and granting that part of defendants' cross motion for summary judgment dismissing the Labor Law § 241 (6) claim, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from an elevated work site while working at premises owned by defendants. Defendants contracted with plaintiff's employer to replace a diffuser in defendants' power plant. At the time of the accident, plaintiff was attempting to attach a clamp to the diffuser. Plaintiff was provided with a mechanical lift and a safety harness, but he did not believe that he could reach the appropriate location with a mechanical lift. Plaintiff removed his harness and climbed out of the lift, whereupon he fell approximately 10 to 15 feet to the ground. There typically were drop lines above the work area to which plaintiff could attach his safety harness, but in the area in which

plaintiff was working the drop line had been removed.  Plaintiff moved for partial summary judgment on liability under Labor Law § 240 (1) and for leave to amend his bill of particulars to assert a violation of 12 NYCRR 23-1.16 as a basis for his Labor Law § 241 (6) claim. Defendants cross-moved for summary judgment dismissing the complaint. Defendants appeal and plaintiff cross-appeals from an order denying plaintiff's motion for partial summary judgment, granting plaintiff's motion for leave to amend the bill of particulars, granting that part of defendants' cross motion with respect to the Labor Law § 200 claim, and sua sponte dismissing defendants' affirmative defenses that plaintiff was a recalcitrant worker and that his conduct was the sole proximate cause of his injuries.

We conclude that Supreme Court properly denied the motion and that part of the cross motion with respect to the Labor Law § 240 (1) claim.  Contrary to the parties' contentions, "there are triable issues of fact whether plaintiff was provided with appropriate safety devices" as contemplated by section 240 (1) (*Sistrunk v County of Onondaga*, 89 AD3d 1552, 1552; *see generally Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 340; *Cherry v Time Warner, Inc.*, 66 AD3d 233, 235-238).  Specifically, the record contains conflicting evidence whether plaintiff could safely perform his work with the assistance of the mechanical lift and safety harness and whether a drop line should have been available for plaintiff's use.

We further conclude that summary judgment to either plaintiff or defendants on the issues of whether plaintiff was a recalcitrant worker or whether his conduct was the sole proximate cause of the accident is inappropriate because there is conflicting evidence in the record concerning the availability of appropriate safety equipment (*see generally Miro v Plaza Constr. Corp.*, 9 NY3d 948, 949; *Thome v Benchmark Main Tr. Assoc., LLC*, 86 AD3d 938, 939-940; *Berrios v 735 Ave. of the Ams., LLC*, 82 AD3d 552, 553).  "[T]he nondelegable duty imposed upon the owner and general contractor under Labor Law § 240 (1) is not met merely by providing safety instructions or by making other safety devices available, but [instead is met] by furnishing, placing and operating such devices so as to give [a worker] proper protection" (*Long v Cellino & Barnes, P.C.*, 68 AD3d 1706, 1707 [internal quotation marks omitted]; *see Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 10-11).  Although plaintiff concedes that he was instructed to use a harness, we conclude that "[d]efendants did not establish [a recalcitrant worker] defense merely by showing that plaintiff was instructed to avoid an unsafe practice" (*Akins v Central N.Y. Regional Mkt. Auth.*, 275 AD2d 911, 912; *see Luna v Zoological Socy. of Buffalo, Inc.*, 101 AD3d 1745, 1746).  Because plaintiff is not entitled to summary judgment on those issues, we agree with defendants that the court erred in sua sponte dismissing their affirmative defenses asserting that plaintiff was a recalcitrant worker and that his conduct was the sole proximate cause of the accident.  We therefore modify the order accordingly.

Contrary to the further contentions of defendants and plaintiff, we conclude there is a triable issue of fact whether the work in which plaintiff was engaged when he was injured, i.e., replacement of the

diffuser, came within the protection of Labor Law § 240 (1) (*see generally Kostyo v Schmitt & Behling, LLC*, 82 AD3d 1575, 1576; *Pakenham v Westmere Realty, LLC*, 58 AD3d 986, 987-988).

We agree with defendants, however, that the court erred in granting plaintiff's motion for leave to amend the bill of particulars to include the violation of 12 NYCRR 23-1.16 as a basis for the Labor Law § 241 (6) claim inasmuch as that regulation is inapplicable to the facts of this case (*see generally D'Acunti v New York City Sch. Constr. Auth.*, 300 AD2d 107, 107-108). Because there is otherwise no basis for the alleged violation of section 241 (6), we conclude that the court erred in denying that part of defendants' cross motion with respect to that claim. We therefore further modify the order accordingly. Section 23-1.16, which sets forth standards for safety belts, harnesses, tail lines and lifelines, "does not specify *when* such safety devices are required" (*Partridge v Waterloo Cent. Sch. Dist.*, 12 AD3d 1054, 1056 [emphasis added]; *see generally Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 619; *D'Acunti*, 300 AD2d at 107-108; *Avendano v Sazerac, Inc.*, 248 AD2d 340, 341).

Finally, we conclude that the court properly granted that part of defendants' cross motion for summary judgment dismissing the Labor Law § 200 claim. Although plaintiff contends that his injury was caused by a defective condition of the premises, "[p]laintiff's account of the accident establishes that there was no dangerous condition on the premises which caused the accident, but rather it was caused by the manner in which [the work] was undertaken" (*Lombardi v Stout*, 80 NY2d 290, 295; *see Ortega v Puccia*, 57 AD3d 54, 62-63).

All concur except WHALEN, J., who dissents in part and votes to modify in accordance with the following Memorandum: I respectfully dissent in part, because I cannot agree with the majority's conclusion regarding plaintiff's Labor Law § 241 (6) claim. I otherwise agree with the remainder of the majority's decision.

Defendants contend, and the majority agrees, that Supreme Court erred in granting plaintiff's motion for leave to amend the bill of particulars to include the violation of 12 NYCRR 23-1.16 as a basis for the Labor Law § 241 (6) claim. I disagree. Although the note of issue and certificate of readiness were filed prior to that motion, plaintiff's reliance upon 12 NYCRR 23-1.16 "raises no new factual allegations or theories of liability and results in no discernible prejudice to defendant[s]" (*Landon v Austin*, 88 AD3d 1127, 1129-1130; *see Ortega v Everest Realty LLC*, 84 AD3d 542, 545; *Ellis v J.M.G., Inc.*, 31 AD3d 1220, 1221). It is clear that "12 NYCRR 23-1.16 is both applicable to the facts of this case and sufficiently specific to support the section 241 (6) claim" (*Farmer v Central Hudson Gas & Elec. Corp.*, 299 AD2d 856, 857, *amended on rearg* 302 AD2d 1017, *lv denied* 100 NY2d 501). The majority concludes that section 23-1.16 is inapplicable to the facts of this case, noting that it sets forth standards for safety belts, harnesses, tail lines and lifelines but " 'does not specify *when* such safety devices are required.' " That conclusion ignores that the record here establishes that there was a

100% tie-off rule when a worker was working six feet or more above the ground.  Thus, the "when" is established as anytime a worker was working six feet or more above the ground, as plaintiff was here.  The majority also ignores evidence in the record that there were safety devices in the location of plaintiff's fall at some point during the job.  While plaintiff is not thereby entitled to summary judgment on the section 241 (6) claim, I conclude that the court properly granted the motion for leave to amend the bill of particulars to allow the issue to be presented to a jury.

Entered:  June 7, 2013                          Frances E. Cafarell
                                                Clerk of the Court