# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**569**

**CA 14-02024**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

MANUEL LOPEZ, PLAINTIFF-APPELLANT-RESPONDENT,

V                                          MEMORANDUM AND ORDER

FAHS CONSTRUCTION GROUP, INC.,
DEFENDANT-RESPONDENT-APPELLANT.
-------------------------------------------
FAHS CONSTRUCTION GROUP, INC., THIRD-PARTY
PLAINTIFF,

V

TARGET GROUP OF CENTRAL NEW YORK, INC.,
THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.

---

STANLEY LAW OFFICES, LLP, SYRACUSE (H.J. HUBERT OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (JILL LEVY OF
COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT AND THIRD-PARTY
DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeals from an order of the Supreme Court,
Oswego County (James W. McCarthy, J.), entered June 13, 2014. The
order denied the motion of plaintiff for partial summary judgment and
denied in part the motions of defendant and third-party defendant for
summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained when he fell into a hole in a countertop while
working at a construction site in Cortland, New York, and his
complaint alleges, inter alia, claims for common-law negligence and
the violation of Labor Law §§ 200, 240 (1), and 241 (6). Defendant-
third-party plaintiff, Fahs Construction Group, Inc. (Fahs), was the
general contractor for the project, and Fahs subcontracted certain
asbestos removal work to third-party defendant, Target Group of
Central New York, Inc. (Target), plaintiff's employer.

Insofar as relevant to this appeal, plaintiff moved for partial
summary judgment on his Labor Law § 240 (1) claim, and Target and Fahs
(collectively, defendants) each moved for summary judgment dismissing

the complaint in its entirety.  Supreme Court, inter alia, denied plaintiff's motion, and denied those parts of defendants' motions seeking dismissal of the section 240 (1) claim and the section 241 (6) claim insofar as the latter is based on the violation of 12 NYCRR 23-1.7 (b).  Plaintiff appeals, each of the defendants cross-appeals, and we affirm.

At the time of the accident, plaintiff was attempting to scrape asbestos from a 10-foot ceiling.  In the room where he was working, there were two A-frame ladders, a scaffold, and a "scraper bar." Plaintiff testified during his deposition that he stepped up onto a countertop in the corner of the room instead of using the ladders, scaffold, or scraper bar, because using those items was too dangerous or too difficult.  As plaintiff was scraping the corner, he fell into a hole in the countertop where a sink previously had been located.

We conclude that the court properly denied the parties' motions with respect to the Labor Law § 240 (1) claim.  In our view, there are triable issues of fact whether plaintiff had "adequate safety devices available," whether "he knew both that they were available and that he was expected to use them," whether "he chose for no good reason not to do so," and whether "had he not made that choice he would not have been injured" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40).  Consequently, summary judgment is not appropriate here (*see id.; Thompson v Sithe/Independence, LLC*, 107 AD3d 1385, 1387; *Kuntz v WNYG Hous. Dev. Fund Co. Inc.*, 104 AD3d 1337, 1338; *Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1427-1428; *cf. Kuhn v Camelot Assn., Inc*. [appeal No. 2], 82 AD3d 1704, 1705-1706).

We further conclude that the court properly denied those parts of defendants' motions with respect to the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (b) (1).  Contrary to defendants' contention on their cross appeals, "[t]hat regulation is sufficiently specific to support a section 241 (6) violation . . . , and we have held that it applies to any hazardous opening into which a person may step or fall . . . provided that [it is] one of significant depth and size" (*Wrobel v Town of Pendleton*, 120 AD3d 963, 966 [internal quotation marks omitted]).

We have examined defendants' remaining contentions on their cross appeals and conclude that they are without merit.

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court