LeChase Constr. Servs., LLC v Jag I, LLC (2018 NY Slip Op 08767)





LeChase Constr. Servs., LLC v Jag I, LLC


2018 NY Slip Op 08767


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND WINSLOW, JJ.


928 CA 17-02149

[*1]LECHASE CONSTRUCTION SERVICES, LLC, PLAINTIFF-RESPONDENT,
v
JAG I, LLC, DEFENDANT-APPELLANT. (APPEAL NO. 3.) 






BREEDLOVE & NOLL, LLP, QUEENSBURY (CARRIE MCLOUGHLIN NOLL OF COUNSEL), FOR DEFENDANT-APPELLANT.
WOODS OVIATT GILMAN LLP, ROCHESTER (DONALD W. O'BRIEN, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (William K. Taylor, J.), entered February 14, 2017. The judgment awarded plaintiff the sum of $2,018,314.44 as against defendant. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, the construction manager on a project to construct a building, entered into a contract with defendant whereby defendant agreed to construct the foundation for the building. The contract included a clause providing for the defense and indemnification of plaintiff by defendant for, inter alia, all costs arising out of, or caused by, or claimed to have been caused in connection with the work performed by defendant under the contract. During construction of the foundation, an employee of defendant was injured, and defendant's employee commenced an action against plaintiff and others alleging, inter alia, a violation of Labor Law
§ 240 (underlying action). Plaintiff notified defendant of the underlying action and tendered its defense of that action to defendant, which defendant rejected. Plaintiff then commenced the instant action against defendant for contractual indemnification.
Plaintiff ultimately settled in the underlying action with defendant's employee for $1.5 million. Plaintiff's action for contractual indemnification against defendant proceeded to trial on the issue of liability, and the jury determined that plaintiff could have been found liable to defendant's employee under Labor Law § 240; plaintiff's settlement of the underlying action was reasonable and in good faith; and plaintiff was not negligent in the happening of the injury of defendant's employee. Defendant now appeals from a judgment entered on the basis of the jury's verdict. We affirm.
Defendant contends that Supreme Court applied the "wrong law as to the elements of proof for a contractual indemnification claim arising from a Labor Law § 240 action" because the court did not instruct the jury that plaintiff had the burden of establishing the actual amount of damages sustained by defendant's employee. We reject that contention. It is well settled that, "[w]here a party voluntarily settles a claim, [the party] must demonstrate that [it] was legally liable to the party whom [it] paid and that the amount of [the] settlement was reasonable in order to recover against an indemnitor" (HSBC Bank USA v Bond, Schoeneck & King, PLLC, 55 AD3d 1426, 1428 [4th Dept 2008] [internal quotation marks omitted]; see Caruso v Northeast Emergency Med. Assoc., P.C., 85 AD3d 1502, 1507 [3d Dept 2011]; Jemal v Lucky Ins. Co., 260 AD2d 352, 353 [2d Dept 1999]). Here, contrary to defendant's contention, inasmuch as plaintiff notified defendant of the underlying action and tendered the defense thereof, plaintiff was relieved of "the necessity of again litigating and establishing all of the actionable facts" in the [*2]underlying action (Village of Port Jervis v First Natl. Bank of Port Jervis, 96 NY 550, 556 [1884]).
Contrary to defendant's further contention, the fall of defendant's employee from a foot bridge into an excavation from ground level is the type of elevation-related risk for which Labor Law § 240 (1) provides protection (see Pitts v Bell Constructors, Inc., 81 AD3d 1475, 1476 [4th Dept 2011]; Wild v Marrano/Marc Equity Corp., 75 AD3d 1099, 1099 [4th Dept 2010]; Bell v Bengomo Realty, Inc., 36 AD3d 479, 480 [1st Dept 2007]). We also reject defendant's contention that plaintiff's status as the project's "construction manager" excluded it from the class of parties potentially liable to defendant's employee under Labor Law § 240 (1) (see Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]; Mulcaire v Buffalo Structural Steel Constr. Corp., 45 AD3d 1426, 1426 [4th Dept 2007]).
We also reject defendant's contention that the court erred in permitting plaintiff's expert and plaintiff's general counsel to testify with respect to the reasonableness of and reasons for plaintiff's settlement with defendant's employee (see Caruso, 85 AD3d at 1507). Contrary to defendant's contention, we conclude that the verdict is not against the weight of the evidence (see id.).
We have reviewed defendant's remaining contentions and conclude that they lack merit.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court