Allyn v First Class Siding, Inc. (2019 NY Slip Op 05460)





Allyn v First Class Siding, Inc.


2019 NY Slip Op 05460


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


642 CA 18-02148

[*1]JAMES M. ALLYN, PLAINTIFF-APPELLANT,
v
FIRST CLASS SIDING, INC., JEFFREY BISCARO, INDIVIDUALLY AND DOING BUSINESS AS FIRST CLASS ROOFING SPECIALISTS AND DOING BUSINESS AS FIRST CLASS EXTERIORS AND DOING BUSINESS AS FIRST CLASS WINDOWS, AND KATHLEEN M. RIPPEL, INDIVIDUALLY AND DOING BUSINESS AS FIRST CLASS EXTERIORS, DEFENDANTS-RESPONDENTS. 






LEARNED, REILLY, LEARNED & HUGHES, LLP, ELMIRA (MATTHEW C. GAGLIARO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BRYAN J. MAGGS LAW OFFICES, PLLC, ELMIRA (BRYAN J. MAGGS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered April 27, 2018. The order denied the cross motion of plaintiff for partial summary judgment, granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, an employee of a roofing supplier, commenced this action to recover damages for injuries that he sustained in a forklift accident that occurred while he was delivering supplies to a prospective worksite four days before any construction work began. First Class Siding, Inc. (defendant), the contractor that bought the supplies and was to perform the work, was not yet present on the site when the accident occurred. On appeal, plaintiff contends that Supreme Court erred in granting that part of defendants' motion for summary judgment seeking dismissal of the Labor Law § 240 (1) claim against defendant. We affirm.
Defendants met their initial burden on the motion with respect to the Labor Law § 240 (1) claim against defendant by establishing that plaintiff was not " hired to take any part in the repair work' " (Bagshaw v Network Serv. Mgt., 4 AD3d 831, 832 [4th Dept 2004]; see generally § 240 [1]). More particularly, the activity in which plaintiff was engaged was not " performed during' " the repair of a structure, nor was it " ancillary' to . . . ongoing renovation work" (Foots v Consolidated Bldg. Contrs., Inc., 119 AD3d 1324, 1325-1326 [4th Dept 2014]; see generally Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 881 [2003]). In opposition, plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court